Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 434584
Kimberly D. Perkins
D.C. Bar No. 481460
Citizens for Responsibility
and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C. 20005
202-408-5565

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>1400 Eye Street, N.W., Suite 450,<br>Washington, D.C. 20005<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF ADMINISTRATION<br>725 17th Street, N.W.<br>Washington, D.C. 20503<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended challenging the failure of the Office of Administration ("OA") to respond to the expedited request of plaintiff for documents relating to the loss of email records of the Executive Office of the President ("EOP") from EOP-managed email systems and environments.

2. This case seeks declaratory relief that the OA is in violation of the FOIA, 5 U.S.C. §

552(a)(6)(E)(i), for failing to respond to plaintiff's expedited request for records and injunctive relief ordering defendant OA to process immediately the requested records in their entirety.

## JURISDICTION AND VENUE

3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the OA pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(A)(6)(C)(i).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code.  CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials.  CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions.  To advance its mission, CREW uses a combination of research, litigation, and advocacy.  As part of its research, CREW uses government records made available to it under the FOIA.

5.  CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously.  CREW monitors closely the laws and rules applicable to government agencies.

6.  CREW is harmed by the OA's failure to process CREW's FOIA request on an expedited basis, because that failure harms CREW's ability to satisfy the compelling public need for full, accurate and current information about the record-keeping practices of the White House

2

and the degree to which it knowingly ignored, if not outright violated, federal laws. 5 U.S.C. §
552(a)(6)(C). Absent this critical information, CREW cannot advance its mission of educating
the public to ensure that the public continues to have a vital voice in government.

7. Defendant OA is part of the EOP and is an agency within the meaning of 5 U.S.C. §
552(f) and 5 U.S.C. § 702. The OA is the federal agency with possession and control of the
requested records and is responsible for fulfilling plaintiff's FOIA request.

### STATUTORY FRAMEWORK

### The Freedom of Information Act

8. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release
requested records to the public unless one or more specific statutory exemptions apply.

9. An agency must respond to a party making a FOIA request within 20 working days,
notifying that party of at least the agency's determination whether or not to fulfill the request and
of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. §
552(a)(6)(A)(i).

10. In "unusual circumstances," an agency may delay its response to a FOIA request or
appeal, but must provide notice and "the date on which a determination is expected to be
dispatched." 5 U.S.C. § 552(a)(6)(B).

11. The FOIA also requires agencies to promulgate regulations that provide for
expedited processing of FOIA requests where the requester has demonstrated a "compelling
need" as well as "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). The FOIA
defines "compelling need" as including requests "made by a person primarily engaged in
disseminating information" where there is an "urgency to inform the public concerning actual or

alleged Federal Government activity." Id. at § 552(a)(6)(E)(v)(III).

12. Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request," 5 U.S.C. § 552(a)(6)(E)(ii)(I), and to give "expeditious consideration" to administrative appeals of such determinations. Id. at § 552(a)(6)(E)(ii)(II).

13. Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii).

14. A requester is not required to exhaust administrative remedies prior to seeking judicial review of an agency's denial of a request for expedited processing. See, e.g., Al-Fayed v. CIA, No. 00-2092, 2000 U.S. District LEXIS 21476, at *8 (D.D.C. Sept. 20, 2000).

15. The OA has yet to promulgate regulations that provide for expedited processing of FOIA requests. OA regulations currently require the agency to process all requests for records within 10 working days after receipt of the request, subject to certain enumerated exceptions. 5 C.F.R. § 2502.8(a).

16. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

17. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the Court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or

capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

### FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

18. Currently the EOP has no effective email records management system in place that offers sufficient protections against the loss or modification of stored messages. Nor is there any way to assess or audit the completeness of the stored messages.

19. In October 2005, the OA discovered a problem with EOP's email retention process. Thereafter, the OA conducted a detailed analysis of the problem, which revealed that between March 2003 and October 2005, there were hundreds of days in which emails were missing for one or more EOP components.

20. The OA prepared multiple estimates of the volume of missing email, which ranged from a low of roughly five million missing email to much higher numbers.

21. The White House Counsel, then Harriet Miers, was provided a detailed briefing of the missing email problem and a plan of action to recover the missing email. At least as of April 12, 2007, the plan to recover the missing email had not been implemented.

22. An individual or individuals within the OA prepared a document or documents that provide a detailed accounting of both actual email messages retained and those email messages missing from EOP's records management system, including the dates for which the email are missing.

23. An individual or individuals within the OA also prepared a document or documents that included, among other things, a risk assessment of the effect on the public's perception of the White House and/or the Bush administration if it became known publicly that the EOP had a problem with its email record-keeping system.

24.  In early 2006, the EOP terminated a project to implement a new electronic record-keeping system.

25.  On April 17, 2007, plaintiff sent a FOIA request by facsimile and first-class mail to the OA seeking records, regardless of format and including electronic records and information, relating to the potential loss of email records of the EOP associated with any and all EOP-managed email systems and environments.  Letter from Anne L. Weismann to Office of Administration FOIA Officer, April 17, 2007 (attached as Exhibit A).

26.  On April 18, 2007, plaintiff sent by facsimile and first-class mail a second FOIA request to the OA clarifying and supplementing its April 17, 2007 FOIA request to the OA. Letter from Anne L. Weismann to Office of Administration FOIA Officer, April 18, 2007 (attached as Exhibit B).  Specifically, CREW's clarifying FOIA sought the following:

> (1) copies of all analyses prepared by the OA and its offices, directorates and branches between January 21, 2001 and April 13, 2007, that identify potential technical, procedural and process problems related to the potential loss of email records of the Executive Office of the President ("EOP") associated with any and all EOP-managed email systems and environments;
>
> (2) copies of all documents, databases, spreadsheets and inventories prepared between January 21, 2001 and April 13, 2007, that provide a detailed accounting (daily, weekly and/or monthly) of actual email messages retained or that identify potential missing email messages within the scope of all EOP-managed email records management environments;
>
> (3) copies of all system requirements specifications, risk assessments, project implementation documents, project concepts and other documents related to all planned, incomplete or completed implementation of any EOP email records management systems since January 21, 2001; and
>
> (4)  copies of all statement of work ("SOW"), requests for proposal ("RFP") and requests for quote ("RFQ") issued by the OA or other government offices or agencies on behalf of the OA related to the analysis,

6

design, implementation and support of EOP email systems implementation and migration and email records management system analysis, implementation, support and services.

Id.

27.  CREW's clarifying FOIA also explained that CREW is not seeking "any system security, system configuration, or internal system network configuration information." Id.  In addition, CREW is seeking specific documents that it has been advised were in existence at least as of July 2006, and that were either created by individuals within the OA or are in the possession of OA.  Id.

28.  CREW also sought a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures, and the request is primarily and fundamentally for non-commercial purposes.  See Exhibits A & B.  Specifically, the requested records are likely to shed light on the extent to which the White House's practices deviate from the requirements of the Presidential Records Act, 44 U.S.C. §§ 2201 et seq., as well as any White House record-keeping guidance and policies, and the extent to which the White House had prior knowledge that its practices violate federal law.  Id.

29.  For both of its FOIA requests CREW sought expedition for the express purpose of disseminating any responsive documents to the public based on the widespread and exceptional media interest in the White House emails, the revelations about the use by high-ranking EOP officials of outside email accounts and the fact that the White House has known since the fall of 2005 that at least five million emails have been missing from its records management system. Exhibits A and B.  CREW's website contains numerous examples of its efforts in this regard,

7

including a report it issued concerning missing White House email and the implications under the Presidential Records Act.  Id.

30.  By letter dated April 27, 2007, the OA acknowledged receipt of CREW's FOIA requests of April 17 and 18, 2007, and granted CREW's request for expedited processing.  Letter from Carol Ehrlich to Anne Weismann, April 27, 2007 (attached as Exhibit C).  Notwithstanding this determination, the OA further stated that "unusual circumstances described in 5 U.S.C. § 552(a)(6)(A)(B)(iii)(II) exist" and that "[a]s a result of these unusual circumstances, OA cannot meet the time limits prescribed in 5 U.S.C. § 552(a)(6)(A)."  Id.  The OA based its finding of unusual circumstances on what it characterized as "an extensive list of records that span more than a six-year period" that CREW was seeking as well as "the day-to-day responsibilities" of the employees within the OA tasked with processing the requests.  Id.  The OA did not inform CREW of an anticipated date for completing its processing of CREW's FOIA requests.

31.  On April 30, 2007, CREW sent a letter to the OA by facsimile and first-class mail responding to the inaccuracies in the OA's letter of April 27, 2007.  Letter from Anne L. Weismann to Carol Ehrlich, April 30, 2007 (attached as Exhibit D).  As CREW explained, it is not seeking an "extensive list of records, " but rather "four discrete categories of records that are described with great particularity" and that relate to one discrete issue -- "the White House's loss of over five million email from its email system."  Id.  And, contrary to the OA's characterization of its FOIA requests, CREW is not seeking records that span a six-year period.  Rather, two of CREW's requested categories seek records that were prepared over a one-year period and the remaining two categories span only two years.  Id.

32.  Notwithstanding defendant OA's purported decision to expedite the processing of

8

plaintiff's FOIA requests, to date the OA has neither produced a single document to CREW nor withheld or otherwise accounted for any responsive documents. Nor has the OA informed plaintiff of an anticipated date for completing the processing of plaintiff's FOIA requests.

33. Plaintiff has exhausted the applicable administrative remedies.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

### (Failure to Produce Records Under the FOIA)

34. Plaintiff realleges and incorporates by reference all preceding paragraphs.

35. Plaintiff properly requested that the OA expedite the processing of plaintiffs' FOIA requests which sought agency records within the custody and control of the OA.

36. The OA wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of plaintiff's FOIA requests.

37. Plaintiff has exhausted the applicable administrative remedies with respect to defendant OA's wrongful withholding of the requested records.

38. Plaintiff is entitled to injunctive relief with respect to the expedited release and disclosure of the requested documents

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order the OA to process immediately the requested records in their entirety;

(2) Order defendant OA upon completion of such expedited processing to disclose the requested records in their entirety and make copies available to plaintiff;

(3) provide for expeditious proceedings in this action;

9

(4)  Award plaintiff reasonable attorney fees and litigation costs in this action, pursuant

to 5 U.S.C. §552(a)(4)(E); and

(5)  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Kimberly D. Perkins
(D.C. Bar No. 481460)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (20) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated: May 22, 2007

10

EXHIBIT A

# CREW | citizens for responsibility and ethics in washington

April 17, 2007

**By fax (202-456-7921) and first-class mail**

Office of Administration
FOIA Officer
725 17th Street, N.W.
Washington, D.C.  20503

**Re: Freedom of Information Act Request**

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, et seq.

Specifically, CREW seeks the following:

(1) any and all copies of the analyses prepared between the fall of October 2005 and the fall of October 2006, that include, among other things, estimates as to how many emails were missing from the Executive Office of the President's ("EOP") system for preserving email;

(2) any and all copies of any and all spreadsheets or similar documents and any accompanying documents prepared between 2005 and September 2006, outlining the dates of all missing email from the EOP email records system;

(3) any and all copies of any documents prepared in 2002 or 2003 discussing the risks associated with the EOP's email records management system, including an assessment of the risk to public perception from disclosure of problems with the email system; and

(4) any and all requests for proposals prepared by the Office of Administration between 2002 and 2004, to address any aspect of the EOP's email records management.

CREW has been advised that all of these documents were in existence at least as of July 2006, and that email versions of at least some of these documents also exist.  CREW has also been advised that these documents were either created by individuals within the Office of Administration and/or are in the possession of the Office of Administration.

Please search for responsive records regardless of format, medium, or physical

characteristics. Where possible, please produce records electronically, in PDF or TIF format on a CD-ROM. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

        If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after information." King v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224 (citing Mead Data Central v. U.S. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

        In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. Mead Data Central, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

## Fee Waiver Request

        In accordance with 5 U.S.C. § 552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and expenditures, and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's

2

understanding of the extent to which the White House's practices deviate from the requirements of the Presidential Records Act, 44 U.S.C. §§ 2201 et seq., as well as any White House record-keeping guidance and policies, and the extent to which the White House had prior knowledge that its practices violate federal law.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases. In addition, CREW will disseminate any documents it acquires from this request to the public. CREW has established an interactive website where members of the public can analyze and comment on public documents, including documents CREW acquires through the FOIA. See http://foia.citizensforethics.org/home. Currently, CREW's website contains links to thousands of pages of documents CREW acquired from multiple FOIA requests. CREW's website, www.citizensforethics.org, also includes documents relating to CREW's FOIA litigation, Internal Revenue complaints, and Federal Election Commission complaints. As CREW's website demonstrates, CREW has an established history of acquiring documents through the FOIA and publishing them on its website for public use.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

## Request for Expedition

Pursuant to 5 U.S.C. § 552(a)(6)(E)(1), CREW requests that the Office of Administration expedite the processing of this request in light of the compelling need for the requested information. CREW is a non-profit corporation engaged primarily in disseminating information it gathers from a variety of sources, including the FOIA, and seeks the information requested in this FOIA request for the express purpose of disseminating it to the public. As discussed above, CREW's website contains numerous examples of its efforts in this regard, including a report CREW issued last week concerning missing White House email and its implications under the Presidential Records Act. It is CREW's hope that by disseminating this type of information, the public will be better able to evaluate the actions of our public officials and will have a more effective voice, including in the voting booth.

As with the Electronic Privacy Information Center and the ACLU, two organizations that the courts have found satisfy the criteria necessary to qualify for expedition,[1] CREW "'gathers

---

[1] See ACLU v. U.S. Dep't of Justice, 321 F.Supp.2d 24, 30 (D.D.C. 2004); EPIC v. Dep't of Defense, 241 F.Supp.2d 5, 11 (D.D.C. 2003).

3

information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience.'" <u>ACLU</u>, 321 F.Supp.2d at 30 n.5, *quoting* <u>EPIC</u>, 241 F.Supp.2d at 11.

There is a particular urgency in informing the public about the record-keeping practices of the White House and the degree to which it knowingly ignored, if not outright violated, federal laws. Recent revelations about the use by high-ranking EOP officials of outside email accounts and the fact that the White House has known since the fall of 2005 that at least five million email are missing from the EOP's records management system but has failed to address the problem have raised serious concerns about the White House's compliance with the federal record-keeping laws. There are also serious concerns about whether the use by top White House Officials of outside email accounts is a purposeful effort to avoid creating records subject to those laws. The public, as well as the congressional committees considering this matter, need to know the true facts underlying these practices. Accordingly, CREW requests that this request be expedited.

### Conclusion

If you have any questions about this request or foresee any problems in releasing fully the requested records on an expedited basis, please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

ANNE L. WEISMANN
Chief Counsel

4



## CREW | citizens for responsibility and ethics in washington

1400 Eye Street N.W., Suite 450
Washington, D.C. 20005
Phone: 202-408-5565
Fax: 202-588-5020

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| FOIA Officer | Anne L. Weismann |
| COMPANY: | DATE: |
| Office of Administration | 4/17/07 |
| RECIPIENT'S FAX NUMBER: | PAGE 1 OF 5_ |
| 202-456-7921 | |
| RECIPIENT'S PHONE NUMBER: | RE: |
| | FOIA Request |

NOTES/COMMENTS:

*Pages transmitted are privileged and confidential.*

# EXHIBIT B

# CREW | citizens for responsibility and ethics in washington

April 18, 2007

**By fax (202-456-7921) and first-class mail**

Office of Administration
FOIA Officer
725 17th Street, N.W.
Washington, D.C. 20503

**Re: Freedom of Information Act Request**

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") hereby submits this request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, et seq. This request is a clarification and supplementation of the request CREW submitted to the Office of Administration ("OA") on April 17, 2007.

Specifically, CREW hereby clarifies that it seeks the following:

(1) copies of all analyses prepared by the OA and its offices, directorates and branches between January 21, 2001 and April 13, 2007, that identify potential technical, procedural and process problems related to the potential loss of email records of the Executive Office of the President ("EOP") associated with any and all EOP-managed email systems and environments;

(2) copies of all documents, databases, spreadsheets and inventories prepared between January 21, 2001 and April 13, 2007, that provide a detailed accounting (daily, weekly and/or monthly) of actual email messages retained or that identify potential missing email messages within the scope of all EOP-managed email records management environments;

(3) copies of all system requirements specifications, risk assessments, project implementation documents, project concepts and other documents related to all planned, incomplete or completed implementation of any EOP email records management systems since January 21, 2001; and

(4) copies of all statement of work ("SOW"), requests for proposal ("RFP") and requests for quote ("RFQ") issued by the OA or other government offices or agencies on behalf of the OA related to the analysis, design, implementation and support of EOP email systems implementation and migration and email records management system analysis, implementation, support and services.

By this request CREW does not seek to obtain any system security, system configuration, or internal system network configuration information.

CREW has been advised that documents in all of these categories were in existence at least as of July 2006, and that email versions of at least some of these documents also exist. CREW has also been advised that these documents were either created by individuals within the Office of Administration and/or are in the possession of the Office of Administration.

Please search for responsive records regardless of format, medium, or physical characteristics. Where possible, please produce records electronically, in PDF or TIF format on a CD-ROM. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after information." King v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224 (citing Mead Data Central v. U.S. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. Mead Data Central, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

**Fee Waiver Request**

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and expenditures, and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of the extent to which the White House's practices deviate from the requirements of the Presidential Records Act, 44 U.S.C. §§ 2201 et seq., as well as any White House record-keeping guidance and policies, and the extent to which the White House had prior knowledge that its practices violate federal law.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases. In addition, CREW will disseminate any documents it acquires from this request to the public. CREW has established an interactive website where members of the public can analyze and comment on public documents, including documents CREW acquires through the FOIA. See http://foia.citizensforethics.org/home. Currently, CREW's website contains links to thousands of pages of documents CREW acquired from multiple FOIA requests. CREW's website, www.citizensforethics.org, also includes documents relating to CREW's FOIA litigation, Internal Revenue complaints, and Federal Election Commission complaints. As CREW's website demonstrates, CREW has an established history of acquiring documents through the FOIA and publishing them on its website for public use.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

**Request for Expedition**

Pursuant to 5 U.S.C. § 552(a)(6)(E)(1), CREW requests that the Office of Administration expedite the processing of this request in light of the compelling need for the requested information. CREW is a non-profit corporation engaged primarily in disseminating information it gathers from a variety of sources, including the FOIA, and seeks the information requested in this FOIA request for the express purpose of disseminating it to the public. As discussed above, CREW's website contains numerous examples of its efforts in this regard, including a report CREW issued last week concerning missing White House email and its implications under the

3

Presidential Records Act. It is CREW's hope that by disseminating this type of information, the public will be better able to evaluate the actions of our public officials and will have a more effective voice, including in the voting booth.

As with the Electronic Privacy Information Center and the ACLU, two organizations that the courts have found satisfy the criteria necessary to qualify for expedition,[1] CREW "'gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience.'" ACLU, 321 F.Supp.2d at 30 n.5, quoting EPIC, 241 F.Supp.2d at 11.

There is a particular urgency in informing the public about the record-keeping practices of the White House and the degree to which it knowingly ignored, if not outright violated, federal laws. Recent revelations about the use by high-ranking EOP officials of outside email accounts and the fact that the White House has known since the fall of 2005 that at least five million email are missing from the EOP's records management system but has failed to address the problem have raised serious concerns about the White House's compliance with the federal record-keeping laws. There are also serious concerns about whether the use by top White House Officials of outside email accounts is a purposeful effort to avoid creating records subject to those laws. The public, as well as the congressional committees considering this matter, need to know the true facts underlying these practices. Accordingly, CREW requests that this request be expedited.

## Conclusion

If you have any questions about this request or foresee any problems in releasing fully the requested records on an expedited basis, please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

ANNE L. WEISMANN
Chief Counsel

---

[1] See ACLU v. U.S. Dep't of Justice, 321 F.Supp.2d 24, 30 (D.D.C. 2004); EPIC v. Dep't of Defense, 241 F.Supp.2d 5, 11 (D.D.C. 2003).

4



## CREW | citizens for responsibility and ethics in washington

1400 Eye Street N.W., Suite 450
Washington, D.C. 20005
Phone: 202-408-5565
Fax: 202-588-5020

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| FOIA Officer | Anne Weismann |

| COMPANY: | DATE: |
|---|---|
| Office of Administration | 4/18/07 |

| RECIPIENT'S FAX NUMBER: | |
|---|---|
| 202-456-7921 | PAGE 1 OF  5 |

| RECIPIENT'S PHONE NUMBER: | RE: |
|---|---|
| | Supplemental FOIA request |

NOTES/COMMENTS:

*Pages transmitted are privileged and confidential.*

# EXHIBIT C



**EXECUTIVE OFFICE OF THE PRESIDENT**
OFFICE OF ADMINISTRATION
WASHINGTON, D.C. 20503

April 27, 2007

Ms. Anne Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, NW, Suite 450
Washington, D.C. 20005

RE: Freedom of Information Act Request #2007-FOIA-00032 and #2007-FOIA-00033

Dear Ms. Weismann:

This responds to your April 17, 2007, letter as clarified and supplemented by your April 18 letter, requesting Government records under the Freedom of Information Act (FOIA), on behalf of Citizens for Responsibility and Ethics in Washington (CREW). This office received your requests on April 18.

Your request for expedited processing is granted. CREW requested an extensive list of records that span more than a six-year period. Given the day-to-day responsibilities of Office of Administration (OA) employees who will be asked to search for, collect and appropriately examine OA records over that period of time, we determined that unusual circumstances described in 5 U.S.C § 552(a)(6)(A)(B)(iii)(II) exist. As a result of these unusual circumstances, OA cannot meet the time limits prescribed in 5 U.S.C. § 552(a)(6)(A). Accordingly, OA is providing you with the opportunity to either limit the scope of your request so that it might be processed within the prescribed time limits or arrange an alternate time frame to process these records.

OA agrees to waive the charges for this particular FOIA request.

Please contact me at (202) 395-2273, should you have any questions.

Sincerely,

*Carol Ehrlich*

Carol Ehrlich
Freedom of Information Act Officer

**EXHIBIT D**

# CREW | citizens for responsibility and ethics in washington

April 30, 2007

**By fax (202-456-7921) and first-class mail**

Carol Ehrlich
Freedom of Information Act Officer
Office of Administration
725 17th Street, N.W.
Washington, D.C. 20503

### Re: Freedom of Information Act Request

Dear Ms. Ehrlich:

Your letter of April 27, 2007, advised Citizens for Responsibility and Ethics in Washington ("CREW") that the Office of Administration ("OA") had granted CREW's request for expedited processing of its Freedom of Information Act ("FOIA") request of April 17, 2007, as supplemented by CREW's April 18, 2007 letter. You also advised CREW that unusual circumstances preclude the OA from meeting FOIA's prescribed time periods, specifically what you characterized as CREW's request for "an extensive list of records that span more than a six-year period." Finally, you provided CREW with "the opportunity to either limit the scope of your request so that it might be processed within the prescribed time limits" or to "arrange an alternate time frame to process these records."

Your description of CREW's FOIA request is not accurate. We are not seeking an "extensive list of records," but rather four discrete categories of records that are described with great particularity. Nor are we seeking records that span a six-year period as your letter claims. Rather, for two of our requested categories we are seeking records that were prepared over a one-year period and the remaining two categories span only two years. Furthermore, the subject of our request is a discrete issue, namely the White House's loss of over five million email from its email system.

Under these circumstances CREW does not believe it is necessary or appropriate to limit the scope of its request or arrange an alternate time frame to process the records. This is especially the case given the great urgency in informing the public about why over five million email are missing from the White House email records system, why the White House did not act to restore the missing email when it was first informed of the problem and presented a restoration

plan in 2005, and whether there is a correlation between the dates for which email are missing and external events that would suggest that the emails' disappearance was intentional.

Sincerely,

ANNE L. WEISMANN
Chief Counsel



# CREW | citizens for responsibility and ethics in washington

1400 Eye Street N.W., Suite 450
Washington, D.C. 20005
Phone: 202-408-5565
Fax: 202-588-5020

---

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: | FROM: |
| Carol Ehrlich | Anne Weismann |
| COMPANY: | DATE: |
| Office of Administration | 4/30/07 |
| RECIPIENT'S FAX NUMBER: | PAGE 1 OF 3_ |
| 202-456-7921 | |
| RECIPIENT'S PHONE NUMBER: | RE: |
| 202-395-2273 | FOIA Request |

NOTES/COMMENTS:

*Pages transmitted are privileged and confidential.*

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Citizens for Responsibility and Ethics in Washington | Office of Administration |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001 <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001 <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: In land condemnation cases, use the location of the tract of land involved |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Anne L. Weismann <br> Citizens for Responsibility and Ethics in Washington <br> 1400 Eye Street, N.W., Suite 450 <br> Washington, D.C. 20005 <br> 202-408-5565 | |

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(SELECT ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
( FOR DIVERSITY CASES ONLY!)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ◯ G. Habeas Corpus/2255 | ◯ H. Employment Discrimination | ⊙ I. FOIA/PRIVACY ACT | ◯ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ◯ K. Labor/ERISA (non-employment) | ◯ L. Other Civil Rights (non-employment) | ◯ M. Contract | ◯ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ◯ 2 Removed from State Court  ◯ 3 Remanded from Appellate Court  ◯ 4 Reinstated or Reopened  ◯ 5 Transferred from another district (specify)  ◯ 6 Multi district Litigation  ◯ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC sec. 552. Office of Administration has failed to produce records in response to plaintiff's FOIA request.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS  ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ _____   Select YES only if demanded in complaint    JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO    If yes, please complete related case form.

DATE 5/22/07    SIGNATURE OF ATTORNEY OF RECORD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.