IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF ADMINISTRATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No: 1:07-CV-00964 (CKK)<br>)<br>)<br>)<br>)<br>) |

**ANSWER**

Defendant, the Office of Administration, Executive Office of the President, hereby responds to each numbered paragraph of the Complaint of plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW") as follows:

1.     This paragraph contains plaintiff's characterization of its action against defendant to which no answer is required.

2.     This paragraph contains plaintiff's characterization of its requested relief to which no answer is required, but insofar as an answer may be deemed necessary, defendant denies that plaintiff is entitled to the relief requested or to any other relief.

**JURISDICTION AND VENUE**

3.     The paragraph contains allegations regarding the Court's jurisdiction over this lawsuit and venue to which no answer is required, but insofar as an answer may be deemed required, defendant denies the allegations.

**PARTIES**

4.     Defendant is without knowledge or information sufficient to confirm or deny the

allegations of this paragraph.

5.     Defendant is without knowledge or information sufficient to confirm or deny the allegations of this paragraph.

6.     Defendant denies the allegations in this paragraph except to aver that expedited processing, when granted, merely entitles requesters to move to the front of an agency FOIA processing queue, and OA satisfied that requirement by moving CREW's FOIA requests at issue in this case to the front of OA's FOIA processing queue.

7.     Defendant admits that OA is part of the Executive Office of the President but otherwise denies the allegations in the first sentence of this paragraph. Defendant denies the allegations in the second sentence of this paragraph, except to aver that OA has in its possession certain records that may be responsive to CREW's FOIA requests dated April 17 and April 18, 2007 and that OA would process those responsive records as a matter of administrative discretion.

8.     This paragraph contains conclusions of law and plaintiff's characterization of FOIA's requirements to which no response is necessary, but insofar as an answer is deemed necessary, defendant respectfully refers this Court to 5 U.S.C. § 552 for a full and accurate statement of its contents.

9.     This paragraph contains conclusions of law and plaintiff's characterization of FOIA's requirements to which no response is necessary, but insofar as an answer is deemed necessary, defendant respectfully refers this Court to 5 U.S.C. § 552(a)(6)(A)(i) for a full and accurate statement of its contents.

10.    This paragraph contains conclusions of law and plaintiff's characterization of

FOIA's requirements to which no response is necessary, but insofar as an answer is deemed necessary, defendant respectfully refers this Court to 5 U.S.C. § 552(a)(6)(B) for a full and accurate statement of its contents.

11. This paragraph contains conclusions of law and plaintiff's characterization of FOIA's requirements to which no response is necessary, but insofar as an answer is deemed necessary, defendant respectfully refers this Court to 5 U.S.C. § 552(a)(6)(E)(i) and § 552(a)(6)(E)(v)(III) for a full and accurate statement of their contents.

12. This paragraph contains conclusions of law and plaintiff's characterization of FOIA's requirements to which no response is necessary, but insofar as an answer is deemed necessary, defendant respectfully refers this Court to 5 U.S.C. § 552(a)(6)(E)(ii)(I) and § 552(a)(6)(E)(v)(II) for a full and accurate statement of their contents.

13. This paragraph contains conclusions of law and plaintiff's characterization of FOIA's requirements to which no response is necessary, but insofar as an answer is deemed necessary, defendant respectfully refers this Court to 5 U.S.C. § 552(a)(6)(E)(iii) for a full and accurate statement of its contents.

14. This paragraph contains conclusions of law to which no response is necessary, but insofar as an answer is deemed necessary, defendant respectfully refers this Court to *Al-Fayed v. CIA*, No. 00-2092, 2000 U.S. District LEXIS 21476 at *8 (D.D.C. Sept. 20, 2000), for a full and accurate statement of its holding.

15. Defendant admits the allegations in the first sentence of this paragraph. The second sentence of this paragraph contains conclusions of law to which no response is necessary, but insofar as an answer is deemed necessary, defendant respectfully refers this Court to 5 C.F.R.

§ 2502.8(a) for a full and accurate statement of what the regulation provides.

16.     This paragraph contains conclusions of law and plaintiff's characterization of FOIA's requirements to which no response is necessary, but insofar as an answer is deemed necessary, defendant respectfully refers this Court to 5 U.S.C. § 552(a)(4)(B) and for a full and accurate statement of its contents.

17.     This paragraph contains conclusions of law and plaintiff's characterization of FOIA's requirements to which no response is necessary, but insofar as an answer is deemed necessary, defendant respectfully refers this Court to 5 U.S.C. § 552(a)(4)(F) for a full and accurate statement of its content.

18.     Defendant denies the allegations in this paragraph.

19.     Defendant denies the allegations of this paragraph, except to aver that in approximately October 2005, OA learned of an issue with the EOP's electronic email capturing process. OA subsequently commenced, and continues, an examination of this matter.

20.     Defendant denies the allegations in this paragraph, except to aver that after learning, in approximately October 2005, of an issue with the EOP's electronic email capturing process, OA commenced, and continues, an examination of this matter.

21.     Defendant denies the allegations in this paragraph, except to aver that, after OA learned of an issue with the EOP's electronic email capturing process in approximately October 2005, briefings took place, some of which OA believes, on information and belief, included the White House Counsel's Office.

22.     Defendant denies the allegations of this paragraph, except to aver that after learning, in approximately October 2005, of an issue with the EOP's electronic email capturing

process, OA commenced, and continues, an examination of this matter, including the preparation of charts to assist in assessing this situation.

23. Defendant is without sufficient information on which to confirm or deny the allegations of this paragraph.

24. Defendant denies the allegations of this paragraph, except to aver that in late 2006, OA decided not to use the specific system then being considered, and moved to considering other systems.

25. Defendant admits that it received a FOIA request, dated April 17, 2007, from CREW, but otherwise refers this Court to that request, attached as Exhibit A to the Complaint, for a full and accurate statement of its contents.

26. Defendant admits that it received a FOIA request, dated April 18, 2007, from CREW, but otherwise respectfully refers this Court to that request, attached as Exhibit B to the Complaint, for a full and accurate statement of its contents.

27. The allegations in this paragraph constitute a characterization of CREW's April 18, 2007 FOIA request to which no response is required; to the extent a response is required, defendant respectfully refers this Court to that request, attached as Exhibit B to the Complaint, for a full and accurate statement of its contents.

28. With respect to the first sentence of this paragraph, defendant admits that CREW sought a waiver of fees with respect to its April 17 and April 18, 2007 FOIA requests, but otherwise respectfully refers this Court to those two requests for CREW's stated reasons for its fee wavier request. Defendant denies the allegations in the second sentence of this paragraph.

29.    With respect to the first sentence of this paragraph, defendant admits that CREW sought expedited processing of its April 17 and April 18, 2007 FOIA requests, but otherwise respectfully refers this Court to those two requests for CREW's stated reasons for requesting expedition.  Defendant is without sufficient information to confirm or deny the allegations in the second sentence of this paragraph.

30.    Defendant admits the allegations in the first sentence of this paragraph.  The allegations in the remaining sentences of this paragraph constitute a characterization of OA's April 27, 2007 letter to CREW to which no response is required; to the extent a response is required, defendant respectfully refers the Court to that letter, attached as Exhibit C to the Complaint, for a full and accurate statement of its contents.

31.    Defendant admits that it received a letter from CREW dated April 30, 2007, but otherwise respectfully refers this Court to that letter, attached as Exhibit D to the Complaint, for a full and accurate statement of its content.

32.    Defendant admits that as of the filing of the Complaint, it had not yet processed CREW's FOIA requests of April 17, and April 19, 2007 because OA was in the process of seeking clarification from CREW regarding the scope of CREW's FOIA requests.  Defendant otherwise denies the allegations in this paragraph.

33.    Defendant denies the allegations in this paragraph.

## PLAINTIFF'S CLAIM FOR RELIEF

34.    Defendant repeats its answers in all preceding paragraphs.

35.    This paragraph contains conclusions of law to which no response is necessary, but insofar as an answer is deemed necessary, defendant denies.

36. Defendant denies the allegations in this paragraph.

37. Defendant denies the allegations in this paragraph.

38. This paragraph contains conclusions of law to which no response is necessary, but insofar as an answer is deemed necessary, defendant denies.

## PRAYER FOR RELIEF

This remaining unnumbered paragraph, including subparts (1) through (5), contain plaintiff's demands for relief to which an answer is not required, but insofar as an answer may be required, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further denies any and all allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this complaint because no records have been improperly withheld.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The records that plaintiff seeks are exempt from disclosure under the Freedom of Information Act.

WHEREFORE, defendant prays for an order: (1) denying plaintiff's requests for relief; and (2) for such other and further relief as the Court deems just and proper.

Dated: June 25, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOHN R. TYLER
Senior Trial Counsel
Federal Programs Branch

_____/s/ *Jean Lin*_____
JEAN LIN
Trial Attorney
Federal Programs Branch
Department of Justice, Civil Division
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel.: (202) 514-3716
Fax: (202) 514-8470
E-mail:  jean.lin@usdoj.gov

Counsel for Defendant