**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZEN FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) Plaintiff, ) ) v. ) ) OFFICE OF ADMINISTRATION, ) ) Defendant. ) ) | Civil Action No: 1:07-CV-00964 (CKK) |

**JOINT PROPOSED SCHEDULE**

Pursuant to this Court's Order of June 28, 2007, plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW"), and defendant, the Office of Administration ("OA"), hereby submit this joint proposed schedule for proceeding in this Freedom of Information Act case. Specifically, the parties state the following:

**CURRENT STATUS AND PENDING MOTION**

1. On May 24, 2007, CREW filed the instant action and a motion for preliminary injunction seeking to compel OA to process within ten days the materials requested in CREW's April 17 and 18, 2007 Freedom of Information Act ("FOIA") requests to OA.

2. On May 29, 2007, CREW specified six categories of documents to be prioritized for purposes of its emergency motion. Thereafter, this Court resolved CREW's emergency motion and memorialized, in an Order dated June 4, 2007, the parties' agreed-upon schedule for OA's processing of those six categories of documents. The Court later modified the June 4 Order in an Order dated June 7, 2007 to correct an error in the time frame as to category 4 of CREW's request and to clarify that OA's obligations under the June 4 Order are to process and

respond to CREW's FOIA requests, which includes the production of responsive, nonexempt materials.

3. Pursuant to the Court's Orders of June 4 and 7, 2007, OA made its first response and production on June 21, 2007. That response encompassed all documents potentially responsive to Category 6 of CREW's request, although no deadline was specified in the Court's Orders for certain of those documents. *See* June 4, 2007 Order at 4, ¶ 2.

4. Three items in the Court's June 4 and 7 Orders have not yet been completed. First, OA must conduct certain electronic searches and process any responsive documents located in those searches by August 24, 2007. OA is currently working on meeting that deadline. Second, CREW is to propose a list of search terms that it believes will identify documents responsive to category 4, dated between March 1, 2006 and April 18, 2007. The Court's Orders do not specify a deadline by which CREW must submit proposed search terms. Third, OA must conduct searches upon receipt of a list of appropriate search terms from CREW. Again, there is currently no deadline as to when that must be completed.

5. On July 2, 2007, CREW moved to modify the Court's June 4 and 7 Orders, seeking to require OA to provide, for both the documents accounted for in OA's June 21 response as well as any additional documents OA processes in the future, a description of the withheld documents and an identification of the exemption being claimed for each withheld document, including, where appropriate, the nature of the exemption. OA opposed that motion on July 19, 2007, and CREW filed its reply on July 25, 2007.

**THE PARTIES' PROPOSED SCHEDULES**

**DISPOSITIVE MOTIONS**

**Defendant's Position**

6. OA will move to dismiss this action on the ground that OA is not an "agency" subject to FOIA.[1] Because this threshold issue determines whether OA has a statutory obligation to respond to plaintiff's FOIA requests, OA proposes that this issue be briefed by the parties and thereafter decided by the Court before defendant is required to continue – beyond August 24, 2007, the next deadline imposed by this Court's June 4 and 7 Orders – to search for and process materials that might be responsive to plaintiff's requests. For that purpose, defendant proposes the following briefing schedule:

        Defendant's opening brief    August 17, 2007

        Plaintiff's opposition brief    September 7, 2007

        Defendant's reply brief    September 21, 2007

7. OA submits that it is premature to establish a schedule for submission of its summary judgment motion in support of its assertion of FOIA's statutory exemptions until (1) the Court decides whether OA is an "agency" subject to FOIA; and (2) if thereafter necessary, until it is known how much time will be required for OA to respond to plaintiff's remaining FOIA requests.

8. If the Court denies OA's dispositive motion on the "agency" issue and OA is required to process the remainder of CREW's FOIA requests, OA will submit an appropriate *Vaughn* index covering all of its withholdings at the time of its summary judgment motion.

**Plaintiff's Position**

---

[1] In OA's Answer filed on June 25, 2007, OA denied that it is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702. *See* Answer at 2, ¶ 7.

9. OA's proposal that it be permitted at this stage of the litigation to brief the threshold issue of whether it is an agency for purposes of the FOIA reflects bad faith and an effort to avoid producing documents that will cast the administration in a bad light. OA's initial response to CREW of April 27, 2007, acknowledged OA's obligations under the FOIA and raised no question whatsoever about OA's status as an agency under the FOIA. Similarly, at no time in the court-supervised discussions of CREW's then-pending motion for a preliminary injunction did OA ever suggest it was under no legal obligation to process CREW's request because it was not an agency. Had CREW known then that OA intended to advance that position, CREW would not have agreed that its motion was moot and would have urged the Court to address and resolve this issue at the earliest opportunity, within the framework of CREW's emergency motion. Likewise, OA's answer, filed on June 25, 2007, made no reference whatsoever to a defense that OA is not an agency for purposes of the FOIA. Instead, OA's affirmative defenses consisted of the following: (1) the Court lacks jurisdiction because no records have been improperly withheld; (2) the complaint fails to state a claim upon which relief can be granted; and (3) the records plaintiff seeks are exempt from disclosure. Answer, Affirmative Defenses. Under these circumstances, OA's request to brief the issue now and to postpone its obligations to satisfy those obligations that remain beyond the current August 24, 2007 deadline must be seen as an effort to delay that should not be sanctioned by the Court. Accordingly, the Court should reject OA's proposal that it should not be required to continue, beyond August 24, 2007, to complete its obligations under the FOIA to search for and process all remaining responsive documents.

10. Should the Court agree with OA, however, that it should be permitted to brief this

issue now, CREW urges the Court to adopt a briefing schedule that would complete briefing on this issue by early September. Plaintiff proposes the following briefing schedule:

        Defendant's opening brief    August 10, 2007

        Plaintiff's opposition brief    August 27, 2007

        Defendant's reply brief    September 4, 2007

11.    In addition, for the reasons set forth in plaintiff's pending motion to modify the Court's Orders, OA should be required to produce immediately for the documents accounted for in OA's June 21 response, and concurrently with all future responses, a description of the withheld documents and an identification of the exemption being claimed for each withheld document, including, where appropriate, the nature of the exemption.

12.    Further, because this case involves expedited requests under the FOIA based on the compelling public interest in the documents CREW is seeking, defendant should be required to file any motion for summary judgment within 20 days of completing its processing of CREW's request

**PROCESSING OF CREW'S FOIA REQUESTS**

    **Defendant's Position**

13.    Beyond the deadline of August 24, 2007, OA currently cannot determine when the processing of the materials governed by this Court's Orders of June 4 and 7 2007 will be completed. OA does not know when CREW will submit a list of appropriate search terms as specified in the Court's Orders. *See* June 7, 2007 Order; June 4, 2007 Order at 3. Upon receipt of such a list, OA will better be able to estimate the amount of time necessary to conduct the electronic search and process any documents located in that search. As OA has previously

notified the Court, OA has no control over the priority of electronic searches conducted within the White House complex. In any event, for the reasons set forth herein, OA should not be required to undertake this search before its threshold dispositive motion has been resolved.

14. As for processing the remainder of CREW's FOIA requests as originally submitted by CREW on April 17 and 18, 2007, OA suggests that the parties confer as to an appropriate schedule if and only if this Court resolves the "agency" issue against OA and only after OA has completed the processing required by this Court's June 4 and 7 Orders. OA cannot at this juncture estimate the amount of material likely to be responsive to CREW's remaining FOIA requests because of the breadth of those requests.

15. If the Court ultimately determines that OA is an "agency" under FOIA and if CREW declines to narrow the scope of its FOIA requests, OA may file a motion for an *Open America* stay.

**Plaintiff's Position**

16. As CREW explained in its motion to modify the Court's Orders and reply brief, without the additional information CREW has requested, CREW cannot satisfy its remaining obligations under the Court's Orders to submit a list of additional search terms for purposes of category 4 and to determine whether the OA's productions to date are fully responsive to the first four categories of requested documents. Beyond that, CREW notes that while the OA claims to have no control over the priority of electronic searches conducted within the White House complex, this Court unquestionably has authority to issue an order that CREW's requests be given priority and the circumstances here support such an order.

17. For the reasons set forth above, CREW does not agree with OA's proposal that

the parties confer on a schedule for completing processing only if this Court resolves the threshold issue against OA.  CREW requests that the parties be ordered to confer immediately and in person, with OA personnel present who have knowledge about the universe of potentially responsive documents.  CREW also respectfully suggests that the Court may need to supervise any such conference.

18.	CREW submits that an <u>Open America</u> stay is completely unwarranted under these circumstances, given the expedited nature of CREW's requests, the defendant's failure to raise a need for such a stay until now and the defendant's ability to date to comply with the timetables set forth in the Court's Orders.  Under these circumstances, postponing any further processing pending briefing of an <u>Open America</u> stay would severely prejudice the plaintiff.  Moreover, CREW does not understand OA's suggestion that an <u>Open America</u> stay may be necessary "if CREW declines to narrow the scope of its FOIA requests."  As CREW has made clear from the outset of this litigation, it is willing to clarify the scope of its request and to consider narrowing, but needs the assistance of OA personnel to do so.  Moreover, OA has not identified in a factually accurate manner how CREW's request is properly considered to be over broad.

Dated:	July 27, 2007

Respectfully submitted,

___/s/_____	_____/s/_____
Anne L. Weismann	John R. Tyler
(D.C. Bar No. 298190)	Jean Lin
Melanie Sloan	Federal Programs Branch, Civil Division
(D.C. Bar No. 434584)	United States Department of Justice
Citizens for Responsibility and Ethics	20 Massachusetts Ave., N.W.
in Washington	Washington, D.C.  20530
1400 Eye Street, N.W., Suite 450	Tel: (202) 514-3716
Washington, D.C. 20005	Fax: (202) 616-8407
Phone: (202 408-5565	Attorneys for Defendant

Fax: (202) 588-5020
Attorneys for Plaintiff