IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY<br>AND ETHICS IN WASHINGTON,<br><br>       Plaintiff,<br>v.<br><br>OFFICE OF ADMINISTRATION,<br><br>       Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-0964 (CKK)<br>)<br>)<br>)<br>)<br>) |

### MOTION OF JUDICIAL WATCH, INC. FOR LEAVE
### TO FILE *AMICUS CURIAE* BRIEF

Judicial Watch, Inc. ("Judicial Watch"), by counsel, respectfully moves this Court for leave to file the accompanying *amicus curiae* brief in support of Plaintiff, Citizens For Responsibility and Ethics in Washington ("CREW"). The purpose of Judicial Watch's *amicus curiae* brief is to assist the Court in this case of substantial importance to government watchdog organizations. CREW has consented to Judicial Watch's motion. Defendant Office of Adminstration ("OA") opposes this motion unless it is given an adequate opportunity to respond. As grounds for its motion, Judicial Watch states as follows:

### MEMORANDUM OF LAW

Judicial Watch is a not-for-profit organization that seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. In furtherance of this public interest mission, Judicial Watch regularly seeks access to government records under the provisions of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), pursues public interest litigation, and files *amicus curiae* briefs, among other activities. Judicial Watch seeks to participate as *amicus curiae* in this matter because the Executive Branch is attempting to have

the Office of Administration, an office within the Executive Office of the President that, to Judicial Watch's knowledge, has always been subject to FOIA, be declared off limits.

Judicial Watch's proposed *amicus curiae* brief, while supporting the Plaintiff, is primarily for the purpose of assisting the Court. In addition to bringing a unique perspective to the case, several factors support permitting Judicial Watch's request for leave to file an *amicus curiae* brief. First, Judicial Watch has a familiarity with and knowledge of the issues contained in the proposed brief. Judicial Watch is a frequent FOIA litigator and has used FOIA to request access to records in the possession, custody and control of OA in the past. Second, Judicial Watch's proposed brief does not seek to simply reiterate arguments raised by another party. Rather, its analysis focuses more broadly on concerns of accountability in government and fidelity to the rule of law. Judicial Watch's proposed brief also does not create, extend, enlarge or initiate any new issues. Third, Judicial Watch's proposed brief is both timely and useful. Judicial Watch's proposed brief does not in any way alter the Court's briefing schedule. And while OA is not required to respond to Judicial Watch's proposed brief, it will have the opportunity to do so under the Court's briefing schedule. Consequently, permitting Judicial Watch to participate as an *amicus curiae* in this matter will not prejudice or cause an undue burden to any of the parties.

WHEREFORE, Judicial Watch respectfully requests leave to file the accompanying *amicus curiae* brief.

Dated: September 4, 2007

Respectfully submitted,

/s/ Paul J. Orfanedes
D.C. Bar No. 429716
/s/ Jason B. Aldrich
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
501 School Street, S.W.
Suite 500
Washington, D.C. 20024
(202) 646-5172

*Counsel for Amicus Curiae*

**LOCAL RULE 7(m) CERTIFICATE**

On August 24, 2007, I contacted Anne Weisman, counsel for Plaintiff Citizens For Responsibility and Ethics in Washington ("CREW"), by e-mail, to inquire whether she would consent to Judicial Watch seeking leave to file an *amicus curiae* brief in this matter. Ms. Weisman consented.

On August 30, 2007, I contacted Jean Lin, counsel for Defendant Office of Administration ("OA"), by email, to inquire whether she would consent to Judicial Watch seeking leave to file an *amicus curiae* brief. On August 31, 2007, Ms. Lin notified me by e-mail that OA opposed the motion unless it is given an adequate opportunity to respond.

/s/ Meredith L. Di Liberto

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY<br>AND ETHICS IN WASHINGTON,<br><br>        Plaintiff,<br>v.<br><br>OFFICE OF ADMINISTRATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 07-0964 (CKK)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] ORDER

Upon consideration of Judicial Watch, Inc.'s Motion For Leave to File *Amicus Curiae* Brief, any opposition thereto, and the entire record herein, it is hereby

ORDERED that:

1. The motion is granted.

2. Judicial Watch's *amicus curiae* brief is hereby filed.

SO ORDERED.

DATE: _____          _____
                                                    The Honorable Colleen Kollar Kotelly
                                                    U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY<br>AND ETHICS IN WASHINGTON,<br><br>    Plaintiff,<br>v.<br><br><br>OFFICE OF ADMINISTRATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-0964 (CKK) |

*AMICUS CURIAE* BRIEF OF JUDICIAL WATCH, INC.
IN SUPPORT OF PLAINTIFF

  Judicial Watch, Inc. ("Judicial Watch"), by counsel, respectfully submits this *amicus curie* brief, in support of Plaintiff, Citizens For Responsibility and Ethics in Washington ("CREW"). As grounds therefor, Judicial Watch states as follows:

INTEREST OF THE PROPOSED *AMICUS CURIAE*

  As set forth in Judicial Watch's motion seeking leave to file this proposed *amicus curiae* brief, Judicial Watch is a not-for-profit organization that seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. In furtherance of this public interest mission, Judicial Watch regularly seeks access to government records under the provisions of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), pursues public interest litigation, and files *amicus curiae* briefs, among other activities. Judicial Watch seeks to participate as an *amicus curiae* in this matter because Defendant in the instant case seeks to restrict the scope of FOIA in an unprecedented manner. Specifically, Defendant seeks a ruling from this Court declaring that the Office of Administration ("OA"), an entity within the

Executive Office of the President ("EOP"), is not an agency subject to the FOIA. Such a ruling would preclude CREW, Judicial Watch, and any other FOIA requester from seeking records from OA, which, to Judicial Watch's knowledge, has always been considered an agency for purposes of FOIA and has held itself out as such for years.

## SUMMARY OF THE ARGUMENT

First, contrary to OA's motion, application of the three-part test in *Meyer v. Bush*, 981 F.2d 1288 (D.C. Cir. 1993) demonstrates that OA is indeed a FOIA agency.

Second, the behavior and regulations of OA and other parts of EOP prove conclusively that OA has always considered itself a FOIA agency until litigation over CREW's present FOIA request began. CREW's request seeks documents from OA analyzing potential technical difficulties in OA's e-mail records management system, as well as the failure of OA's e-mail records management system to preserve such records. Defendant's goal in this case is obvious. Such documents do not fall under any FOIA exemption and would have to be released to CREW in the ordinary course. To avoid that outcome, Defendant seeks to shield itself from public scrutiny by claiming the FOIA does not apply to OA at all. Judicial Watch respectfully submits that OA's attempt to avoid legitimate public inquiry into its record keeping practices should not be countenanced by this Court.

## ARGUMENT

**I.     THE OFFICE OF ADMINISTRATION IS AN AGENCY.**

In *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 156 (1980), the U.S. Supreme Court held that, while EOP is an agency subject to the FOIA, the Office of the President is not. The Court held that the determining factor in this outcome was an express

statement made by Congress in amending FOIA in 1974 that "'the President's *immediate* personal staff or units in the Executive Office whose sole function is to advise and assist the President' are not included in the term 'agency' under the FOIA." *Id*. (quoting H.R. Conf Rep. No 93-1380, at 15) (emphasis added).  In *Meyer*, the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") set forth its own, three-prong test for determining whether or not a federal entity is an agency for purposes of FOIA.  Specifically, the D.C. Circuit declared:

> [W]hen we apply *Soucie* to those who help the President supervise others in the executive branch, we think it necessary to focus on three interrelated factors.  We must ask how close operationally the group is to the President, what the nature of its delegation from the President is, and whether it has a self-contained structure.

*Meyer*, 981 F.2d at 1293.

Applying these principles, it is clear that OA is an agency for purposes of FOIA.  First, Defendant all but concedes that OA does indeed have a self-contained structure.  *See* Defendant's Motion ("Def. Mot.") at 16.  For example, Defendant states that "OA maintains a staff of some 200 employees and is organized along the lines of five offices," each with its own functions."  *Id.*  The only question then is whether OA in fact exercises substantial independent authority.  That it does is made clear from Defendant's own Exhibits.  For example, Defendant's Exhibit 1 consists of OA's FY 2008 Budget, in which OA provides a Mission Statement and Background.  This section of the budget states that OA's Office of Security and Emergency Preparedness is responsible for, among other things, oversight of EOP security and emergency preparedness.  *Id*. at OA-3.  It also serves as a liaison with the Secret Service, a separate agency, something OA clearly could not do unless it possessed some independent authority of its own.  *Id.*  The office of the Director of OA also contains an Equal Employment Opportunity Office,

which operates pursuant to regulations promulgated by the Equal Employment Opportunity Commission, an entirely separate agency. 29 C.F.R. § 1614.102. Clearly, OA possesses at least some independent authority.

Second, while OA may operate close to the President, the D.C. Circuit has warned against gratuitous expansion of the category of persons who qualify as members of the President's immediate personal staff. In *Judicial Watch, v. Department of Justice*, 365 F. 3d 1108, 1117 (D.C. Cir. 2004), the Court declined to expand the presidential communications privilege to cover the Office of the Pardon Attorney, an entity within the U.S. Department of Justice, merely because it was in close proximity to the President and existed solely to advise and assist the President on pardons. Rather, the Court found that the relevant inquiry is whether documents are solicited and received by the President's immediate advisors. *Id.* For Defendant to claim that the records produced by 200 employees from no fewer than five separate offices were solicited and received by the President and/or his immediate advisers strains credulity to say the least.

Third, and finally, even if OA's only delegated authority is to provide such administrative assistance as directed by the President, as shown above, such assistance is not enough to remove the office from the purview of FOIA. Defendant has not and cannot show that all documents produced by OA were solicited and received by either the President or his immediate advisors, nor can it be said that each and every office and employee within OA, or any office or employee within OA for that matter, falls legitimately within the President's *immediate* personal staff or units within EOP whose sole function is to advise and assist the President.

## II.   THE OFFICE OF ADMINISTRATION HAS LONG HELD ITSELF OUT AS AN AGENCY FOR PURPOSES OF FOIA.

FOIA requires agencies to promulgate rules by which their records shall be made available for public inspection. 5 U.S.C. § 552(a)(2). EOP is divided into no fewer than nine separate sub-agencies or offices,[1] six of which have published such regulations,[2] and three others, the CEA, the PFIAB, and the WHO, which have not because they are not agencies subject to FOIA. OA's FOIA regulations are published at 5 C.F.R. § 2502. In addition, OA has published a series of annual reports for at least the past 11 years detailing the number and disposition of FOIA requests that it has received and processed. *See* http://www.whitehouse.gov/oa/foia/readroom.html. For example, in Fiscal Year 2006, OA states that it received 67 FOIA requests and completed processing of 65 of them. *See* Exhibit 1 at 3. All told, Judicial Watch estimates that OA has received and fully responded to no fewer than 744 FOIA requests over the past 11 years alone. Yet, incredibly, OA now claims that it has suddenly and mysteriously transformed itself from an entity that dutifully responded to hundreds of FOIA requests over many years, and even enacted its own FOIA regulations, into one that is not subject to FOIA at all. Such an attempted sleight of hand not only would change the rules for FOIA requesters like Judicial

---

[1]   EOP includes the Council of Economic Advisors ("CEA"), the Council on Environmental Quality ("CEQ"), the Office of Administration ("OA"), the Office of Management and Budget ("OMB"), the Office of National Drug Control Policy ("ONDCP"), the Office of Science and Technology Policy ("OSTP"), the President's Foreign Intelligence Advisory Board ("PFIAB"), the United States Trade Representative ("USTR"), and the White House Office ("WHO"). *See* http://www.whitehouse.gov/government/eop.html.

[2]   FOIA regulations for CEQ may be found at 40 C.F.R. § 1515.5, OMB's at 5 C.F.R. § 1303, ONDCP's at 21 C.F.R. § 1401 *et. seq.*, OSTP's at 32 C.F.R. § 2400.22, and USTR's at 15 C.F.R. § 2004.

Watch and CREW, but it also would undermine the basic principles of transparency and accountability in government that lie at the heart of FOIA. Defendant's arguments have no merit and should be rejected by this Court.

## CONCLUSION

For the foregoing reasons, Judicial Watch respectfully requests that the Court reject Defendant's arguments that OA is no longer subject to the provisions of FOIA.

Dated:  September 4, 2007                     Respectfully submitted,

/s/ Paul J. Orfanedes
D.C. Bar No. 429716
/s/ Jason B. Aldrich
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
501 School Street, S.W.
Suite 500
Washington, D.C.  20024
(202) 646-5172

*Counsel for Amicus Curiae*

# EXHIBIT 1

# OFFICE OF ADMINISTRATION
# FOIA ANNUAL REPORT (FY2006)
## FOR
## 10/01/2005
## THROUGH
## 09/30/2006

The following **Annual Freedom of Information Act** report covers the Period 10/01/2005, through 09/30/2006, as required by 5 U.S.C. 552.

## I. Basic Information Regarding Report

A. Name, Title, Address, and Telephone Number
   Carol Ehrlich
   FOIA Officer
   Office of Administration
   725 17th Street, NW
   Washington, DC  20503
   (202) 395-2273

   Our FOIA Reference Guide includes information regarding how to make a FOIA request.

B. Electronic Address for report on World Wide Web
      http://www.whitehouse.gov/oa/foia/index.html

C. How to obtain copy in paper form
   Request a copy from the above address.

## II. How to make a FOIA Request

A request made under the FOIA must be submitted in writing, by mail, or fax, to the following address:
FOIA Officer
Office of Administration
725 17th Street, NW
Washington, DC  20503
Phone:  (202) 395-2273
Fax:      (202) 456-7921

## III. Definitions of Terms and Acronyms Used in the Report

Basic terms, expressed in common terminology

1. FOIA/PA request - Freedom of Information Act/Privacy Act request. A FOIA request is generally a request for access to records concerning a third party, an organization, or a particular topic of interest. A Privacy Act request is a

request for records concerning oneself; such requests are also treated as FOIA requests. (All requests for access to records, regardless of which law is cited by the requester, are included in this report.)

2. Initial request - a request to a federal agency for access to records under the Freedom of Information Act.

3. Appeal - a request to a federal agency asking that it review at a higher administrative level a full denial or partial denial of access to records under Freedom of Information Act, or any other FOIA determination such as a matter pertaining to fees.

4. Processed Request or Appeal - a request or appeal for which an agency has taken a final action on the request or the appeal in all respects.

5. Multi-track processing - a system in which simple requests requiring relatively minimal review are placed in one processing track and more voluminous and complex requests are placed in one or more other tracks. Requests in each track are processed on a first-in/first-out basis. A requester who has an urgent need for records may request expedited processing (see below).

6. Expedited processing - an agency will process a FOIA request on an expedited basis when a requester has shown an exceptional need or urgency for the records which warrants prioritization of his or her request over other requests that were made earlier.

7. Simple request - a FOIA request that an agency using multi-track processing places in its fastest (non-expedited) track based on the volume and/or simplicity of records requested.

8. Complex request - a FOIA request that an agency using multi-track processing places in a slower track based on the volume and/or complexity of records requested.

9. Grant - an agency decision to disclose all records in full response to a FOIA request.

10. Partial grant - an agency decision to disclose a record in part in response to a FOIA request, deleting information determined to be exempt under one or more of the FOIA's exemptions; or a decision to disclose some records in their entireties, but to withhold others in whole or in part.

11. Denial - an agency decision not to release any part of a record or records in response to a FOIA request because all the information in the requested records is determined by the agency to be exempt under one or more of the FOIA's exemptions, or for some procedural reason (such as because no record is located in response to a FOIA request).

12. Time limits - the time period in the Freedom of Information Act for an agency to respond to a FOIA request (ordinarily 20 working days from proper receipt of a Perfected FOIA request).

13. Perfected request - a FOIA request for records that adequately describes the records sought, which has been received by the FOIA office of each agency or agency component in possession of the records, and for which there is no remaining question about the payment of applicable fees.

14. Exemption 3 statute - a separate federal statute prohibiting the disclosure of a certain type of information and authorizing its withholding under FOIA subsection (b) (3).

15. Median number - the middle, not average number. For example, of 3, 7, and 14, the median number is 7.

16. Average number - the number obtained by dividing the sum of a group of numbers by the quantity of numbers in the group. For example, of 3, 7, and 14, the average number is 8.

## IV. Exemption 3 Statutes
### A. For Initial Requests

| Statute Code | Number of Instances | Court Upheld | Concise Description of material withheld |
|---|---|---|---|

None

### B. For Appeals

| Statute Code | Number of Instances | Court Upheld | Concise Description of material withheld |
|---|---|---|---|

None

## V. Initial FOIA Requests

| A. Number of Initial Requests | |
|---|---|
| 1. Requests pending as of end of preceding year | 0 |
| 2. Requests received during current FY | 67 |
| 3. Requests processed during current FY | 65 |
| 4. Requests pending as of end of current FY | 2 |

| B. Disposition of Initial Requests | |
|---|---|
| 1. Number of total grants | 1 |
| 2. Number of partial grants | 3 |
| 3. Number of denials | 2 |
| 4. Number of other | 59 |

| C. Number of times each FOIA exemption used | |
|---|---|
| (b)(1) -(Permits withholding information that is classified for national security purposes.) | 0 |
| (b)(2) -(Permits withholding of records related solely to internal rules and practices (low) or internal matters, where the disclosure may risk circumvention of agency regulation | 4 |

| | |
|---|---|
| (high).) | |
| **(b)(3)** -(Permits withholding of records or information if a law specifically exempts the material from disclosure. ) | 0 |
| **(b)(4)** -(Permits withholding of records related to trade secrets and other confidential business information furnished to OA from outside the Government.) | 0 |
| **(b)(5)** -(Permits withholding information under the deliberative process privilege, including the pre-decisional documents, or information that could be withheld under civil discovery, attorney-client, or attorney-work product privileges.) | 2 |
| **(b)(6)** -(Permits withholding of records and information about individuals when disclosure would be a clearly unwarranted invasion of personal privacy.) | 1 |
| **(b)(7)(A)** -(Permits withholding of records when interference with law enforcement proceedings can be reasonably expected.) | 0 |
| **(b)(7)(B)** -(Permits withholding of records when a person would be deprived of a fair trial or an impartial adjudication.) | 0 |
| **(b)(7)(C)** -(Permits withholding of records when an unwarranted invasion of personal privacy could reasonably be expected.) | 2 |
| **(b)(7)(D)** -(Permits withholding of records when revealing a confidential source or information provided by a confidential source could reasonably be expected.) | 0 |
| **(b)(7)(E)** -(Permits withholding of records when techniques and procedures for law enforcement investigations or process would be disclosed or provided such disclosure could reasonably be expected to risk circumvention of law.) | 2 |
| **(b)(7)(F)** -(Permits withholding of records when endangering the safety or life of any individual could reasonably be expected.) | 0 |
| **(b)(8)** -(Permits withholding of records relating to the examination of banks and other financial institutions by agencies that regulate or supervise them.) | 0 |
| **(b)(9)** -(Permits withholding of records relating to geological and geophysical information and data, including maps, concerning wells.) | 0 |

| D. Other reasons for non disclosure | |
|---|---|
| No records | 39 |
| Referrals | 0 |
| Request withdrawn | 8 |

| | |
|---|---|
| Fee-related reason | 0 |
| Records not reasonably described | 0 |
| Not a proper FOIA request for some other reason | 0 |
| Not an agency record | 9 |
| Duplicate request | 3 |
| Other | 0 |

## VI. Appeals of Initial Denials of FOIA Requests

| A. Number of Appeals | |
|---|---|
| 1. Number of appeals received during FY | 5 |
| 2. Number of appeals processed during FY | 5 |

| B. Disposition of Appeals | |
|---|---|
| 1. Number completely upheld | 0 |
| 2. Number partially reversed | 0 |
| 3. Number completely reversed | 0 |
| 4. Number of other | 5 |

| C. Number of times each FOIA exemption used | |
|---|---|
| **(b)(1)** -(Permits withholding information that is classified for national security purposes.) | 0 |
| **(b)(2)** -(Permits withholding of records related solely to internal rules and practices (low) or internal matters, where the disclosure may risk circumvention of agency regulation (high).) | 0 |
| **(b)(3)** -(Permits withholding of records or information if a law specifically exempts the material from disclosure. ) | 0 |
| **(b)(4)** -(Permits withholding of records related to trade secrets and other confidential business information furnished to OA from outside the Government.) | 0 |
| **(b)(5)** -(Permits withholding information under the deliberative process privilege, including the pre-decisional documents, or information that could be withheld under civil discovery, attorney-client, or attorney-work product privileges.) | 0 |
| **(b)(6)** -(Permits withholding of records and information about individuals when disclosure would be a clearly unwarranted invasion of personal privacy.) | 0 |
| **(b)(7)(A)** -(Permits withholding of records when interference with law enforcement proceedings can be reasonably expected.) | 0 |
| **(b)(7)(B)** -(Permits withholding of records when a person would be deprived of a fair trial or an impartial adjudication.) | 0 |

| | |
|---|---|
| **(b)(7)(C)** -(Permits withholding of records when an unwarranted invasion of personal privacy could reasonably be expected.) | 0 |
| **(b)(7)(D)** -(Permits withholding of records when revealing a confidential source or information provided by a confidential source could reasonably be expected.) | 0 |
| **(b)(7)(E)** -(Permits withholding of records when techniques and procedures for law enforcement investigations or process would be disclosed or provided such disclosure could reasonably be expected to risk circumvention of law.) | 0 |
| **(b)(7)(F)** -(Permits withholding of records when endangering the safety or life of any individual could reasonably be expected.) | 0 |
| **(b)(8)** -(Permits withholding of records relating to the examination of banks and other financial institutions by agencies that regulate or supervise them.) | 0 |
| **(b)(9)** -(Permits withholding of records relating to geological and geophysical information and data, including maps, concerning wells.) | 0 |

| D. Other reasons for non disclosure | |
|---|---|
| No records | 5 |
| Referrals | 0 |
| Request withdrawn | 0 |
| Fee-related reason | 0 |
| Records not reasonably described | 0 |
| Not a proper FOIA request for some other reason | 0 |
| Not an agency record | 0 |
| Duplicate request | 0 |
| Other | 0 |

## VII. Compliance with Time Limits/Status of Pending Requests

| A. Median Processing Time for Requests Processed during the Year | |
|---|---|
| 1. Simple Requests | |
| a. Number of requests processed | 61 |
| b. Median number of days to process | 1 |
| 2. Complex Requests | |
| a. Number of requests processed | 0 |
| b. Median number of days to process | 0 |
| 3. Requests accorded expedited processing | |
| b. Number of requests processed | 4 |
| c. Median number of days to process | 3 |

| B. Status of Pending Requests | |
|---|---|
| 1. Number of requests pending as of the end of FY | 2 |
| 2. Median number of days that such requests were pending as of that date | 166 |

## VIII. Comparisons With Previous Year(s)

| A. Comparison of numbers of requests received |
|---|
| FY 2005:68 |
| FY 2006:67 |

| B. Comparison of numbers of requests processed |
|---|
| FY2005:70 |
| FY2006:65 |

| C. Comparison of median numbers of days requests were pending as of end of fiscal year |
|---|
| FY2005:0 |
| FY2006:166 |

| D. Other statistics significant to agency |
|---|
| **Requests received for expedited processing** |
| FY2005:8 |
| FY2006:10 |
| **Requests for expedited processing granted** |
| FY2005:7 |
| FY2006:5 |

## IX. Costs/FOIA Staffing

| A. Staffing levels | |
|---|---|
| 1. Number of full-time FOIA personnel | 1.00 |
| 2. Number of personnel with part-time or occasional FOIA duties (in total work-years) | 0.00 |
| 3. Total number of personnel (in work-years) | 1.00 |

| B. Total costs (including staff and all resources) | |
|---|---|
| 1. FOIA processing (including appeals) | $87772.00 |
| 2. Litigation-related activities (estimated) | $0.00 |
| 3. Total costs | $87772.00 |

## X. Fees

| | |
|---|---|
| A. Total amount of fees collected by agency for processing requests | $108.07 |
| B. Percentage of total costs | 0.123% |

## XI. FOIA Regulations (including Fee Schedule)
http://www.whitehouse.gov/oa/foia/index.html

## XII. Reports on Executive Order 13,392

| |
|---|
| The Office of Administration (OA) is in the process of reviewing its FOIA Regulations. OA is reviewing the requests received to determine if there is a need to create a "Complex" tier. |