IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZEN FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No: 1:07-CV-00964 (CKK) |
| OFFICE OF ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR IMMEDIATE
STATUS CONFERENCE**

Through this lawsuit CREW seeks critical evidence documenting a massive problem at the White House of over 10 million email missing from key components of the Executive Office of the President ("EOP") during key periods when those components were at the forefront of the day's news, as well as evidence of the White House's knowledge of the problem and its failure to restore any of the missing email or ensure proper preservation of any of its email records. In the eight months since CREW first filed this suit, along with a request for emergency injunctive relief, factual evidence of the email problem has made its way into the public through related litigation and the investigative efforts of the House Committee on Oversight and Government Reform. In response to the emerging facts, the White House repeatedly has changed its story, suggesting first that the White House was working to correct the problem and later that there was no problem to correct.

Consistent with its public denial, the White House here suggests that the immediate status conference CREW has requested would serve no purpose as there is simply nothing to discuss. In this the White House is mistaken; an immediate status conference is necessary to

address critical issues including whether the OA is preserving *all* documents potentially responsive to CREW's request.  The clear implication of the testimony of  OA's own declarant, Theresa Payton, is that either responsive documents have been destroyed or have yet to be located, lending new urgency to resolving the pending dispositive motion given the evidentiary value of the requested documents.

     1.  In arguing that there is nothing to suggest that responsive documents have been improperly destroyed, OA glosses over the glaring inconsistencies between the declaration of Theresa Payton ("Payton Decl.") and OA's representations here about the volume of responsive documents.  According to OA, Ms. Payton's declaration testimony should not be credited here because she "was not speaking about the volume of materials that exists, or might have been found, relating to the 'email' issue."  Defendant's Opposition to Plaintiff's Motion for Immediate Status Conference ("D's Oppos.") at p. 4.  The express language of Ms. Payton's declaration, however, is to the contrary.

    First, Ms. Payton references the "detailed analysis" of the "alleged problem," which she describes as the allegation "that the EOP failed to electronically archive some emails in the period 2003-2005."  Payton Decl. at ¶ 9.  There is no question, then, that her declaration does indeed address the "email issue," contrary to OA's characterizations.  With respect to that "detailed analysis" -- the same analysis that CREW is seeking in its Freedom of Information Act ("FOIA") request of OA at issue here -- Ms. Payton describes only "*a chart* created by a former employee" that she "belive[s] is what Plaintiffs refer to as the 'detailed analysis.'"  Payton Decl. at ¶ 10 (emphasis added).  And in her efforts to impugn the reliability of this single chart, Ms. Payton notes an "apparent lack of supporting documentation . . ."  Id. at ¶ 11.  Taken as a whole

the clear import of Ms. Payton's testimony is that the only "detailed analysis" OA has of the missing email problem is a single chart, with no additional supporting documentation.

This stands in stark contrast to the wealth of documentation CREW identified in its FOIA requests, as embodied in this Court's Orders, as well as the representations of OA's own representative, Keith Roberts, about the existence of histograms, charts and thousands of responsive emails and OA's second response to CREW's FOIA request.  See Plaintiff's Motion for Immediate Status Conference ("P's Mem.") at pp. 2-3, 8-9.

Moreover, intervening events since those representations underscore the inconsistencies between what OA told this Court and what it has told the court in CREW v. Exec. Off. of the President, Civil No. 07-1707 (HHK).  For example, by letter dated August 30, 2007, House Committee on Oversight and Government Reform Chairman Henry A. Waxman wrote to Counsel to the President Fred Fielding requesting information about the missing emails (attached as Exhibit 9).  Chairman Waxman memorialized a briefing his staff had received by Keith Roberts and Special Counsel to the President Emmet Flood on May 29, 2007, and noted that repeated document requests by Committee staff had yet to be satisfied.  According to Chairman Waxman's subsequent letter of January 17, 2008 (Exhibit 8 to P's Mem.), his staff received an additional briefing on September 19, 2007.  Thus, while OA has had months since it last addressed these issues with this Court to make additional inquiries into the universe of documents concerning the missing White House email and has, in fact, been directed to produce those documents to the House Committee on Oversight and Government Reform, its most recent statements suggest a shrinking, not expanding, universe of documentation of the missing email problem.

Nor is this conflict of CREW's making, as OA cavalierly suggests, but instead stems from the differing representations OA has made here and in related litigation. There is no denying that Ms. Payton has described the OA's analysis of the missing email problem as consisting of a much more limited universe of responsive documents -- a single chart -- than any prior representation OA has made to this Court. These blatant inconsistencies, which OA has been unable to reconcile, mean either Ms. Payton was not truthful in her deposition testimony or the representations OA has made here are inaccurate or untruthful. In either event, an immediate status conference is necessary to sort this out and ensure that all potentially responsive documents are being preserved pending the resolution of defendant's dispositive motion.

2. In an effort to offer the Court adequate assurances that it is properly preserving responsive documents, OA now offers up the declaration of F. Andrew Turley (Document 30-3) ("Turley Decl."), who attests that OA "has preserved, and will continue to preserve, the 3,924 pages of documents located so far in response to CREW's FOIA requests." Turley Decl. at ¶ 3. This simply does not go far enough; OA is obligated not only to preserve that which it has "located so far," but to preserve any and all documents that potentially are responsive.

Here, there is no question that the documents OA has identified in this litigation are the beginning, not the end of its search. As even OA concedes, it has yet to conduct an electronic search for records responsive to category four of CREW's requests as embodied in the Court's orders. D's Oppos. at 3. And neither CREW nor the Court has any way to assess the adequacy of the searches OA has already conducted given the lack of any meaningful information in OA's responses to date. In short, Mr. Turley's assurances do not go far enough.

3. Finally, contrary to the rhetoric in OA's opposition brief, there is nothing "attenuated"

or meritless[1] about the urgent need for a prompt resolution of defendant's pending dispositive motion in view of recent events. The recent White House statements in court and in the press suggest that the White House is not complying with its legal obligations under both the FOIA and federal record-keeping statutes.

Eight months ago, when CREW filed this lawsuit, this administration had 19 months to fix the missing email problem and ensure the preservation of all of its records. At present, we are down to only 11 months, raising the very real possibility that the administration will successfully run out the clock absent effective judicial interference. Should the administration succeed in this effort, plaintiff -- along with the public -- will have lost a valuable right to which the FOIA entitles it, a right that cannot be fully restored.

## CONCLUSION

For the foregoing reasons and those set forth in plaintiff's opening brief, the Court should schedule an immediate status conference.

Respectfully submitted,

\_\_\_\_/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
in Washington

---

[1] See D's Oppos. at 2.

                                              1400 Eye Street, N.W., Suite 450
                                              Washington, D.C. 20005
                                              Phone: (202 408-5565
                                              Fax: (202) 588-5020

Dated:  January 23, 2008                      Attorneys for Plaintiff

**EXHIBIT 9**

HENRY A. WAXMAN, CALIFORNIA,
  CHAIRMAN

TOM LANTOS, CALIFORNIA
EDOLPHUS TOWNS, NEW YORK
PAUL E. KANJORSKI, PENNSYLVANIA
CAROLYN B. MALONEY, NEW YORK
ELIJAH E. CUMMINGS, MARYLAND
DENNIS J. KUCINICH, OHIO
DANNY K. DAVIS, ILLINOIS
JOHN F. TIERNEY, MASSACHUSETTS
WM. LACY CLAY, MISSOURI
DIANE E. WATSON, CALIFORNIA
STEPHEN F. LYNCH, MASSACHUSETTS
BRIAN HIGGINS, NEW YORK
JOHN A. YARMUTH, KENTUCKY
BRUCE L. BRALEY, IOWA
ELEANOR HOLMES NORTON,
  DISTRICT OF COLUMBIA
BETTY McCOLLUM, MINNESOTA
JIM COOPER, TENNESSEE
CHRIS VAN HOLLEN, MARYLAND
PAUL W. HODES, NEW HAMPSHIRE
CHRISTOPHER S. MURPHY, CONNECTICUT
JOHN P. SARBANES, MARYLAND
PETER WELCH, VERMONT

ONE HUNDRED TENTH CONGRESS

# Congress of the United States
## House of Representatives
COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM
2157 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6143

MAJORITY  (202) 225-5051
FACSIMILE (202) 225-4784
MINORITY  (202) 225-5074

www.oversight.house.gov

TOM DAVIS, VIRGINIA,
  RANKING MINORITY MEMBER

DAN BURTON, INDIANA
CHRISTOPHER SHAYS, CONNECTICUT
JOHN M. McHUGH, NEW YORK
JOHN L. MICA, FLORIDA
MARK E. SOUDER, INDIANA
TODD RUSSELL PLATTS, PENNSYLVANIA
CHRIS CANNON, UTAH
JOHN J. DUNCAN, JR., TENNESSEE
MICHAEL R. TURNER, OHIO
DARRELL E. ISSA, CALIFORNIA
KENNY MARCHANT, TEXAS
LYNN A. WESTMORELAND, GEORGIA
PATRICK T. McHENRY, NORTH CAROLINA
VIRGINIA FOXX, NORTH CAROLINA
BRIAN P. BILBRAY, CALIFORNIA
BILL SALI, IDAHO
JIM JORDAN, OHIO

August 30, 2007

Mr. Fred F. Fielding
Counsel to the President
The White House
Washington, DC 20500

Dear Mr. Fielding:

Last week, in an apparent effort to keep the public from learning the extent of missing White House e-mails, the White House took the unusual position that the Office of Administration is not subject to the Freedom of Information Act. Because Congress also has an interest in this issue, I am writing to request information about the reports that millions of e-mails may have been lost from the White House e-mail system.

On May 29, 2007, Keith Roberts, the Deputy General Counsel of the White House Office of Administration, and Emmet Flood, Special Counsel to the President, briefed Committee staff on the White House e-mail system and the missing e-mails. At the briefing, Mr. Roberts informed Committee staff that the White House had discovered in 2005 that an unknown number of e-mails may not have been preserved in the White House archive, as required by the Presidential Records Act. According to Mr. Roberts, the Office of the Chief Information Officer then conducted a review of the e-mail system to determine the scope of the potential loss. He said that this review apparently found some days with a very small number of preserved e-mails and some days with no e-mails preserved at all. He also stated that a report summarizing these findings had been presented to the White House Counsel's office.

In addition, Mr. Roberts informed the Committee that an unidentified company working for the Information Assurance Directorate of the Office of the Chief Information Officer was responsible for daily audits of the e-mail system and the e-mail archiving process. Mr. Roberts was not able to explain why the daily audits conducted by this contractor failed to detect the problems in the archive system when they first began.

At the conclusion of the briefing, Committee staff requested a copy of the analysis presented to White House Counsel and the identity of the contractor responsible for daily audits and archiving. Mr. Flood told Committee staff that he would take the two requests under consideration. Since then, Committee staff have repeatedly requested that the White House

Mr. Fred F. Fielding
August 30, 2007
Page 2

provide this information without success. Given that three months have passed since your office first received this request, I am writing to ask that you provide the information to the Committee by September 10, 2007.

The Committee on Oversight and Government Reform is the principal oversight committee in the House of Representatives and has broad oversight jurisdiction as set forth in House Rule X. An attachment to this letter provides additional information on how to respond to the Committee's request.

If your staff has any questions about this request, they should contact David Rapallo with the Committee staff at (202) 225-5420.

                            Sincerely,

                            Henry A. Waxman
                            Chairman

Enclosure

cc:    Tom Davis
       Ranking Minority Member