UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>　Plaintiff,<br><br>　v.<br><br>OFFICE OF ADMINISTRATION,<br><br>　Defendants. | Civil Action No. 07-964 (CKK) |

**ORDER**
(January 25, 2008)

Currently pending before the Court is Plaintiff's Motion for Immediate Status Conference, which Defendant opposes. This case involves a FOIA request that Plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW") submitted to the Office of Administration ("OA") seeking documents that CREW asserts the OA assembled and prepared relating to the White House's alleged loss of e-mail records of the Executive Office of the President. After the OA failed to process CREW's FOIA request within the time frame for expedited processing, *see* 5 U.S.C. § 552(a)(6), CREW filed the Complaint in this matter, along with a motion for a temporary restraining order/preliminary injunction. *See* Compl., Docket No. [1]; Motion for TRO/PI, Docket No. [3]. In lieu of litigating CREW's TRO/PI, the parties agreed, through Court-supervised negotiations, to a timetable for OA to process CREW's priorities with respect to its TRO/PI. *See* Minute Entries, May 30, 2007; June 4, 2007 Order, Docket No. [7]; and June 7, 2007 Order, Docket No. [9].

Pursuant to that timetable, OA made its first response to CREW's FOIA request on June

21, 2007–producing 50 pages of responsive documents and withholding 454 pages of potentially responsive documents–and made its second response on August 24, 2007–advising CREW that it had located, and was withholding, approximately 3,470 additional potentially responsive pages. *See* OA Opp'n at 3; CREW Mot. at 3. After OA's first response, CREW moved to modify the Court's June Orders to require OA to provide a *Vaughn* index for withheld documents. *See* CREW Mot. at 3-4; OA Opp'n at 3. OA opposed that motion, and alerted the Court and CREW that it intended to move to dismiss this action on the grounds that OA is not an agency subject to FOIA. CREW Mot. at 3-4. On August 7, 2007, the Court entered an Order setting a briefing schedule for OA's motion and holding in abeyance CREW's motion to modify pending resolution of OA's motion. Order, Docket No. [18]. Briefing on CREW's motion for judgment on the pleadings was completed on September 11, 2007, and that motion is currently pending before the Court.

     CREW has now moved for an immediate status conference "to address the impact on this case of recent developments in related litigation as well as the renewed urgency of CREW's [FOIA] requests." CREW Mot. at 1. In particular, CREW asserts that there is a "possibility that the White House destroyed records that are directly responsive to CREW's FOIA requests." *Id.* at 9. In support of this assertion, CREW points to two recent statements, one made by White House Deputy Press Secretary Tony Fratto and the other made by Theresa Payton, OA's Chief Information Officer, in a Declaration submitted in *CREW v. Executive Office of the President*, Civil Action No. 07-1707, a case currently pending before Judge Henry H. Kennedy relating to the same e-mail retention problem at issue in this action. According to CREW, Mr. Fratto's and Ms. Payton's statements "simply cannot be reconciled" with the "wealth of documentation for the missing email problem" cited in CREW's Complaint or with OA's acknowledgments in this

action that there are thousands of documents that are potentially responsive to CREW's FOIA request. *Id.* at 8-9.

OA opposes CREW's Motion, asserting that there is "no inconsistency, and certainly nothing to suggest any improper destruction of documents responsive to CREW's FOIA requests." OA Opp'n at 4. OA also attaches to its Opposition the January 22, 2008 Declaration of F. Andrew Turley, Deputy General Counsel for OA, in which he asserts that "OA has preserved, and will continue to preserve, the 3,924 pages of documents located so far in response to CREW's FOIA requests." *Id.*, Ex. B. According to OA, Mr. Turley's Declaration establishes that an immediate status conference is unnecessary. *Id.* at 5.

The Court has thoroughly reviewed CREW's Motion, OA's Opposition, CREW's Reply, and the exhibits attached to those memoranda, and does not discern a basis for CREW's unfounded speculation that documents responsive to its FOIA request have been destroyed. The Court therefore concludes that there is no need for an immediate status conference in this action. As the Court's August 7, 2007 Order stated, "[i]n the event that the Court denies OA's motion to dismiss, the Court shall set a status conference." Order, Docket No. [18]. Nevertheless, the Court agrees with CREW that "OA is obligated not only to preserve that which it has 'located so far,' but to preserve any and all documents" that are potentially responsive to CREW's FOIA requests. CREW Reply at 4. As OA acknowledges, it is still required to conduct an electronic search for records responsive to Category 4 of CREW's request, as set forth in the Court's June Orders. OA Opp'n at 3. In addition, the Court notes that while CREW agreed to narrow the scope of its FOIA request in order to resolve its TRO/PI, *see* Orders, Docket Nos. [7] and [9], June 4 and 7, 2007, no decisions have been made as to the merits of CREW's Complaint, which relates to its full FOIA request. Nor has the Court assessed the adequacy of the responses OA

has made to CREW's narrowed requests. As such, OA is required to preserve *all* documents that are potentially responsive to CREW's original April 16, 2007 and April 18, 2007 FOIA requests, which form the basis of CREW's Complaint.

Accordingly, it is this 25th day of January, 2008, hereby

**ORDERED** that CREW's [28] Motion for Immediate Status Conference is DENIED; it is further

**ORDERED** that OA shall preserve all records, no matter how described, currently in its possession or under its custody or control, which are potentially responsive to CREW's April 16, 2007 and April 18, 2007 FOIA requests. In addition, OA shall not transfer any potentially responsive records out of its custody or control without leave of this Court.

**SO ORDERED.**

                                           */s/*
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge