UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>OFFICE OF ADMINISTRATION,<br><br>　　Defendants. | Civil Action No. 07-964 (CKK) |

**ORDER**
(February 11, 2008)

　　Currently pending before the Court is the [20] motion for judgment on the pleadings brought by Defendant, the Office of Administration, Executive Office of the President ("EOP"), in which it argues that it is not required to respond to Plaintiff CREW's FOIA request because it is not an agency subject to the FOIA. The Court has reviewed the parties' filings and, out of an abundance of caution, concludes that *very limited* discovery–which might be considered jurisdictional in nature–is appropriate, subject to the strict parameters described below.

　　By way of background, the Court notes that FOIA requires "agenc[ies]" to "make available to the public" various types of information, 5 U.S.C. § 552(a), and defines "agency" to cover any "establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency," *id.* § 552(f). This definition "was not, however, meant to cover 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President,'" *Armstrong v. Exec. Office of the President*, 90 F.3d 553, 558 (D.C. Cir. 1996) (quoting H.R. Rep. No. 93-1380, at 14

(1974) (Conf. Rep.)), but rather intended to codify the D.C. Circuit's decision in *Soucie v. David*, 448 F.2d 1067 (D.C. Cir. 1971). *Id.* (citing *Meyer v. Bush*, 981 F.2d 1288, 1291 (D.C. Cir. 1993)). Based on *Soucie*, two possible tests exist for determining whether an EOP component is an agency subject to FOIA: (1) whether the component exercises "substantial independent authority," and (2) whether the component's "sole function is to advise and assist the President." *See* 448 F.2d at 1073, 1075; *see also Armstrong*, 90 F.3d at 558. In *Meyer*, the D.C. Circuit "managed to harmonize" these two tests "by using a three-factor test to determine the status under FOIA of a unit in the [EOP]. . . [that helps] the President supervise others in the executive branch." *Id.* at 558. Specifically, *Meyer* instructed courts to "focus on three interrelated factors": (1) "how close operationally the group is to the President," (2) "what the nature of its delegation from the President is," and (3) "whether it has a self-contained structure." 981 F.2d at 1293.

>The D.C. Circuit has explained its application of these tests to EOP units as follows:

>[W]e held that the Council on Environmental Quality is an agency because of its independent authority to "issue guidelines to federal agencies," "coordinate federal programs," and oversee certain activities of other federal agencies. [Citing *Pacific Legal Found. v. Council on Envt'l Quality*, 636 F.2d 1259, 1362-62 (D.C. Cir. 1980).] The Office of Science and Technology is within the ambit of the FOIA, notwithstanding its proximity to the President, because it has independent authority to evaluate federal scientific programs, initiate and support research, and award scholarships. *Soucie*, 448 F.2d at 1075. The Office of Management and Budget is a FOIA agency, in part because it has a statutory duty to provide budget information to the Congress. *Sierra Club v. Andrus*, 581 F.2d 895, 902 (D.C. Cir. 1978).

>On the other hand, although the Council of Economic Advisors is fairly characterized as an "establishment"–it has a staff, a budget, and a defined structure–it has no regulatory power or other functions, under either its organic statute or any Executive Order, that would suggest that it exercises independent authority; therefore, it is not a FOIA agency. *Rushforth v. CEA*, 762 F.2d 1038, 1043 (D.C. Cir. 1985). Nor do the staff of the Executive Residence come under the FOIA; their duty is to manage the President's home subject to his direction and approval, which they do without the delegation of substantial independent authority. *Sweetland v. Waters*, 60 F.3d 852, 854-55 (D.C. Cir. 1995).

*Armstrong*, 90 F.3d at 559. The Court's task in addressing OA's motion for judgment on the pleadings, then, is to determine the side of the "agency" line on which OA falls.

CREW argues that this determination is "fact-dependent," CREW Opp'n at 11, and cannot be made in the absence of "agency declarations and deposition testimony" regarding "the actual role that OA plays . . . and whether it exercises independent authority," *id.* at 13. In so arguing, CREW relies heavily upon this Court's opinion in *Electronic Privacy Information Center v. Office of Homeland Security*, Civil Action No. 02-620 (CKK), Memorandum Opinion, December 26, 2002 (hereinafter "*EPIC*," attached as Exhibit 1 to CREW's Opposition); however, a review of that opinion reveals that CREW's emphasis is misplaced. In *EPIC*, the Court considered whether the relatively recently created Office of Homeland Security ("OHS") was an agency subject to FOIA, and determined that limited discovery on that question was appropriate because "the language establishing [OHS'] power [was] broad and lacking in firm parameters." *EPIC*, Mem. Op. at 9-12. In contrast, the language establishing and delineating OA's power–set forth in President Carter's Reorganization Plan No. 1 of 1977 and Executive Orders Nos. 12028 and 12122–is quite specific, and entirely devoid of the types of "vague terms such as 'develop,' 'coordinate,' and 'review,'" with which the Court was faced in *EPIC*. *EPIC*, Mem. Op. at 9. OA's charter documents thus lack the ambiguity that this Court determined warranted discovery in *EPIC*.[1]

The Court nevertheless concludes, out of an abundance of caution, that *very limited*

---

[1] While it is certainly the case that the D.C. Circuit has relied upon evidence including deposition testimony and declarations in determining whether an EOP component is an agency subject to FOIA, see *EPIC*, Mem. Op. at 11-12 (citing *Armstrong*, 90 F.3d at 561, 559-60), CREW has not proffered any legal support for the proposition that discovery of such evidence is *required* whenever an entity's agency status is at issue.

discovery as to OA's agency status is appropriate.  Although the D.C. Circuit has held that the issue of an EOP component's agency status under FOIA goes to whether the plaintiff has stated a claim upon which relief can be granted, *see Sweetland*, 60 F.3d at 855, under Supreme Court precedent, the issue at least arguably goes to the Court's jurisdiction to hear a FOIA case, *see Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) ("The FOIA confers jurisdiction on the district courts 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld'") (quoting 5 U.S.C. § 552(a)(4)(B)), and *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) ("federal jurisdiction is dependent on showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records'").  Moreover, as the Court has previously explained, "[t]his Circuit's standard for permitting jurisdictional discovery is quite liberal," and plaintiffs are entitled to jurisdictional discovery even if they have not made a *prima facie* showing of jurisdiction.  *See Diamond Chem. Co. v. Atofina Chems, Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003); *see also Nat'l Resources Def. Council v. Pena*, 147 F.3d 1012, 1024 (D.C. Cir. 1998); *Wilderness Soc'y v. Griles*, 824 F.2d 4, 16 n.10 (D.C. Cir. 1987) ("a district court must give the plaintiff the opportunity to discover evidence relevant to his jurisdictional claim.").  Therefore, out of an abundance of caution, the Court shall permit the parties to engage in what may be viewed as jurisdictional discovery.  The Court shall also deny OA's request that it be permitted to provide a declaration as to OA's functions and authority in lieu of engaging in discovery.  *See* OA Reply at 16 n.6.  The Court notes, however, that the opportunity for discovery that the Court is permitting extends to both CREW and OA.

     Even still, the Court shall significantly restrict the scope of discovery that CREW may pursue as to OA's agency status.  As an initial matter, the Court notes that the discovery that

CREW describes in its Opposition would result in a lengthy delay in resolving this action, which CREW has repeatedly stressed is of a highly exigent nature. Further, most of the discovery that CREW seeks in its Opposition is entirely unnecessary in light of the limited question at issue. CREW seeks discovery on (1) "the nature of OA's communications and interactions with the president and his advisors and the extent to which the president has expressly approved OA decisions, findings, or other initiatives," (2) "the staffing and organization structure of OA," and (3) "the manner in which OA has actually fulfilled the responsibilities assigned to it." CREW Opp'n at 18-19. CREW's second request is entirely misplaced because "OA has acknowledged that it has a self-contained structure such that it would be in a position to exercise substantial independent authority if it were delegated that authority." OA Reply at 12 n.4. CREW's first request is likewise ill directed because the issue here is not whether OA is part of the President's "immediate personal staff," *Kissinger*, 445 U.S. at 156, or whether the records at issue fit within the presidential communications privilege. *See* OA Reply at 8-9 n.2. Rather, the issue is whether OA is an agency subject to FOIA, and that determination does not depend on whether OA's documents are solicited and received by either the President or his immediate White House advisers. *Id.*; *Judicial Watch v. Department of Justice*, 365 F.3d 1108, 1117 (D.C. Cir. 2005).

      With respect to CREW's third request, as noted above, OA's charter documents–the Reorganization Plan and the operative Executive Orders–clearly delineate OA's delegated authority. Therefore, the only question at issue based on the record before the Court is whether, in exercising that delineated authority, OA acts with the type of substantial independent authority that has been found sufficient to make the Office of Science and Technology, Council on Environmental Quality, and Office of Management and Budget agencies subject to FOIA. In turn, evidence probative of that question is limited to evidence regarding OA's authority over or

responsibilities to any third parties, including federal agencies, or of any functions that OA in fact carries out beyond those specifically delineated in its charter documents.

Accordingly, it is this 11th day of February, 2008, hereby

**ORDERED** that OA's [20] motion for judgment on the pleadings is DENIED WITHOUT PREJUDICE.  As described below, OA shall be permitted to file an appropriate dispositive motion on the issue of its agency status following the completion of limited discovery; it is further

**ORDERED** that CREW's [12] motion to modify this Court's scheduling order shall remain HELD IN ABEYANCE pending resolution of the threshold issue of whether OA is an agency subject to FOIA; it is further

**ORDERED** that the parties shall have 45 days–through and including March 28, 2008–to conduct *very limited* discovery on the manner in which OA carries out the authority delegated to it in its charter documents and any functions that OA in fact carries out beyond those specifically delineated in its charter documents; it is further

**ORDERED** that, in order to ensure that the discovery is conducted promptly and is limited to the question at issue, the parties shall submit a Joint Discovery Plan within 10 days of this order–on or before February 21, 2008–setting forth the precise discovery that each party proposes to conduct.  The parties' Joint Discovery Plan shall also set forth a proposed schedule for revised briefing of OA's dispositive motion on the issue of its agency status.  The parties' proposed briefing schedule should reflect the exigent nature of this case.

**SO ORDERED.**

                                                        */s/*
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge