UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>   Plaintiff,<br><br>   v.<br><br>OFFICE OF ADMINISTRATION,<br><br>   Defendants. | Civil Action No. 07-964 (CKK) |

**ORDER**
(February 22, 2008)

The Court has reviewed the parties' February 21, 2008 Joint Discovery Plan, filed pursuant to this Court's Order of February 11, 2008, which permitted the parties "to conduct *very limited* discovery on the manner in which OA carries out the authority delegated to it in its charter documents and any functions that OA in fact carries out beyond those specifically delineated in its charter documents." *See* Order, Docket No. [33]. The Joint Discovery Plan states that Defendant, the Office of Administration ("OA"), Executive Office of the President ("EOP"), does not intend to take any discovery, and sets forth the discovery that Plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW") proposes to take, much of which is opposed by OA.

The Court's review of the Joint Discovery Plan reveals that CREW misperceives the scope of discovery that the Court has concluded is probative and is therefore allowing. The Court is not permitting additional discovery into issues that are addressed by documents already in the record or issues that are uncontested. In particular, the Court is not permitting discovery

regarding OA's organizational structure because, as the Court's February 11, 2008 specifically stated, "OA has acknowledged that it has a self-contained structure such that it would be in a position to exercise substantial independent authority if it were delegated that authority." *See* Order, Docket No. [33], at 5. It is likewise uncontested that "OA has not taken the position in prior litigation that it is not subject to FOIA," and has, since 1980, promulgated FOIA regulations and processed FOIA requests. Joint Discovery Plan at 13. The Court therefore is not permitting discovery regarding OA's prior functioning under FOIA, the Presidential Records Act, or the Federal Records Act. Finally, there is no dispute–and the documents in the record make clear–that OA provides extensive administrative services to all EOP components, including "acquiring designing, maintaining, and safeguarding the EOP [computer] network." *Id.* at 17.

CREW has promulgated ten specific requests for production of documents. The majority of those requests relate to issues that are not disputed or that are addressed through documents already in the record. In contrast, the Court finds that CREW's Request No. 5 is appropriate. The Court further finds that CREW's Request No. 7 is appropriate but overbroad. The Court shall therefore limit CREW to seeking documents relating to OA's exercise of its contracting authority that demonstrate OA's provision of services for, authority over, or responsibilities to third parties *outside of EOP units*. Again, it is uncontested that OA exercises contracting authority on behalf of all EOP units.

In addition to discovery under Requests No. 5 and limited discovery under Request No. 7, CREW may seek additional discovery that is not encompassed in its outstanding document requests, provided that discovery is probative of whether OA exercises substantial independent authority, i.e., beyond its administrative functions for EOP components. Specifically, any

2

additional discovery must relate to OA's provision of services for, authority over, or responsibilities to third parties *outside of EOP units*, such as federal agencies and private entities. For example, according to OA's FY 2008 Budget, the OA's Office of Security and Emergency Preparedness serves as a liaison with the United States Secret Service and OA has "ongoing cross-servicing agreements with the Bureau of the Public Debt, Administrative Resource Center . . . and the Department of Health and Human Services, Division of Payment Management." *See* OA Mot. for J. on Pleadings, Ex. 1 at OA-3, OA-5. In the event that such arrangements result in OA providing services for, having authority over, or having responsibilities to those entities, that information would be probative of whether OA exercises substantial independent authority.

CREW also proposes to take the depositions of four individuals: (1) Alan Swendiman, Director of OA; (2) Carol Ehrlich, OA's prior FOIA Officer; (3) OA's Chief Operating Officer; and (4) Theresa Payton, OA's Chief Information Officer. CREW describes the information that it believes each of these individuals may be able to provide. Based on CREW's proposed areas of inquiry, the Court concludes that CREW may only take the deposition of OA Director Swendiman. As to the other three individuals, the areas of inquiry that CREW describes relate to issues that are either uncontested or are covered by documents in the record. As to OA Director Swendiman, the Court notes OA's statement that it "will make every effort to make him available . . . even if he is no longer OA's Director at that time." Joint Status Report at 14. If there are, in fact, any plans for Director Swendiman's departure, OA shall ensure that his deposition is conducted prior to his departure.

With respect to the parties' scheduling disputes, the Court has set an outside discovery date of March 28, 2008, which represents a reasonable schedule in light of the very limited nature

of the discovery and the exigent nature of this case. The Court shall not, as CREW seeks, arbitrarily dictate when the parties conduct written and oral discovery within that time period. The Court notes simply that any written discovery should be provided in advance of Director Swendiman's deposition. Furthermore, Director Swendiman's deposition shall be scheduled so as to allow enough time for CREW to conduct, within the discovery deadline, any additional discovery that it believes is warranted based on Director Swendiman's deposition. Finally, the Court adopts below the parties' proposed schedule for revised briefing on OA's dispositive motion on the issue of its agency status.

Accordingly, it is this 22nd day of February, 2008, hereby

**ORDERED** that CREW may seek the discovery encompassed in its Request No. 5 and may seek discovery, encompassed within Request No. 7, relating to OA's exercise of its contracting authority, but only to the extent that those documents demonstrate OA's provision of services for, authority over, or responsibilities to third parties *outside of EOP units*. All of CREW's other document requests are beyond the scope of probative discovery; it is further

**ORDERED** that CREW may seek additional discovery that is not encompassed in its outstanding document requests, provided that discovery is limited to the parameters described above. CREW is not required to obtain the Court's permission to conduct such discovery, but shall promulgate any additional document requests on or before February 29, 2008, so as to allow sufficient time in the event that OA objects to those requests; it is further

**ORDERED** that CREW may take the deposition of OA Director Alan Swendiman, but shall not depose OA's prior FOIA Officer, Chief Operating Officer, or Chief Information Officer; it is further

**ORDERED** that Defendant shall file its revised dispositive motion on the issue of its agency status on or before April 25, 2008; Plaintiff shall file its Opposition to that motion on or before May 9, 2008; and Defendant shall file its Reply on or before May 16, 2008.

**SO ORDERED.**

                                                  /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge