**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No: 1:07-CV-00964 (CKK) |
| OFFICE OF ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS OR ALTERNATIVELY TO AMEND THE COURT'S ORDER OF FEBRUARY 22, 2008**

Defendant, the Office of Administration ("OA"), respectfully submits this opposition to plaintiff's motion to compel the production of four categories of documents, and to plaintiff's alternative motion to expand discovery beyond the scope set forth in the Court's Order of February 22, 2008.

**INTRODUCTION**

In its March 21, 2008 Motion, plaintiff once again seeks discovery that the Court has twice previously rejected. Tacitly conceding that its third set of document requests is not within the scope of limited discovery ordered by the Court, plaintiff instead argues that discovery should be expanded because the discovery it seeks is "relevant and necessary." Pl's Mot. To Compel at 3. Review of the pertinent background, especially the rationale underlying the Court's February 11 and February 22, 2008 Orders, as well as the discovery already taken from OA, demonstrates that plaintiff's motion, however it is styled, should be denied.

This Court has clearly and repeatedly limited any discovery to "the only question" before the Court: Whether OA actually exercises the type of substantial independent authority exercised by the EOP components found to be FOIA agencies. Order of Feb. 11, 2008 at 5. This Court has twice rejected plaintiff's efforts to probe OA's prior conduct under FOIA and the circumstances surrounding the recognition that it is not subject to FOIA. *See* Order of Feb. 22, 2008 at 2-3 (rejecting plaintiff's proposed discovery in Joint Discovery Plan at 5 and Pl's 1st Set of Requests for Production, Nos. 3, 4, and 8); *see also* Order of Feb. 11, 2008 at 4-5. Nevertheless, ignoring the Court's clear guidance and instructions, plaintiff now seeks to expand discovery to probe the "date or dates" when OA ceased functioning as if subject to FOIA and the Federal Records Act, and when it began complying with the Presidential Records Act. Going even further, plaintiff now claims a right to explore not only OA and FOIA, but also "the date or dates when [OA] stopped functioning as an agency under any federal statute not encompassed by" Document Requests Nos. 10-12. Pl's 3d Set of Requests for Production, Request No. 13. This Court should once again firmly reject this effort to expand discovery beyond the scope of the Court's orders.

It is undisputed that at one time OA conducted itself as if it was subject to FOIA. It is likewise undisputed that concurrently with implementation of OA's recognition that it was not subject to FOIA, it began operating under the Presidential Records Act and ceased operating under the Federal Records Act. The date(s) when those circumstances took place, and what additional changes might have occurred under any other federal statute, are completely irrelevant to the threshold issue before the Court, namely "the side of the 'agency' line on which OA falls." Order of Feb. 11 at 3. These dates simply do not bear on the core jurisdictional issue in this

case – whether OA's assigned and actual functions give it substantial independent authority over third parties. On that predicate jurisdictional question, D.C. Circuit precedent firmly establishes that the relevant factors to be considered do not include the information plaintiff now seeks. Accordingly, this Court should deny plaintiff's motion to compel as well as its alternative motion to expand the scope of jurisdictional discovery.

## ARGUMENT

**PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION IS OUTSIDE THE SCOPE OF PERMISSIBLE DISCOVERY, AND AN EXPANSION OF THE DISCOVERY SCOPE IS NOT WARRANTED**

This Court has already rejected the discovery plaintiff now seeks. In its Order of February 11, 2008, the Court rejected plaintiff's reliance on OA's past practice under FOIA in arguing the need for discovery, *see* Pl's Opp'n to Def's Mot. for Judgment on the Pleadings, at 22-25, holding that the "only question" in this case is whether, in exercising the authority delineated by its charter documents, "OA acts with the type of substantial independent authority that has been found sufficient to make the Office of Science and Technology, Council on Environmental Quality, and Office of Management and Budget agencies subject to FOIA." Order of Feb. 11, 2008 at 5. The three referenced components of the Executive of the President ("EOP") are agencies subject to FOIA because they have independent authority to issue guidelines to federal agencies, to coordinate and evaluate federal programs, to oversee certain activities of other federal agencies, or to perform other significant statutory duties such as providing budget information to the Congress. *See id.* at 2 (quoting *Armstrong v. EOP*, 90 F.3d 553, 559 (D.C. Cir. 1996)). Although the Court found OA's charter documents entirely devoid of the types of terms that would suggest that OA possesses authority similar to those three EOP

3

components, the Court nonetheless, out of an abundance of caution, has permitted very limited discovery. The Court specified that the only probative evidence would be "evidence regarding OA's authority over or responsibilities to any third parties, including federal agencies, or of any functions that OA in fact carries out beyond those specifically delineated in its charter documents." Order of Feb. 11, 2008 at 5-6.

Based on those parameters, the Court rejected several of plaintiff's proposed depositions, including that of OA's prior Freedom of Information Act Officer, from whom plaintiff sought to obtain testimony regarding "how OA has actually functioned under both the FOIA and the Federal Records Act . . . *both before and after* its self-designation as a non-agency," Joint Discovery Plan at 5 (emphasis added). *See* Order of Feb. 22, 2008 at 3 ("Based on CREW's proposed areas of inquiry, the Court concludes that CREW may only take the deposition of OA Director Swendiman."). The Court similarly rejected proposed document requests relating to OA's implementation of the Presidential Records Act, the Federal Records Act, and FOIA, as well as relating to OA's retention of records, whether presidential or federal. *See* Pl's 1st Set of Requests for Production, Nos. 3, 4 and 8; Order of Feb. 22, 2008 at 2-3.

Because OA has acknowledged that this is the first litigation in which it has asserted that it is not subject to FOIA, the Court further held that "it is not permitting discovery regarding OA's prior functioning under FOIA, the Presidential Records Act, or the Federal Records Act." Order of Feb. 22, 2008 at 2. The Court permitted plaintiff to conduct limited and narrowly tailored discovery, provided that "discovery is probative of whether OA exercises substantial independent authority, i.e., beyond its administrative functions for EOP components." *Id.* at 2. As the Court emphasized, "any additional discovery must relate to OA's provision of services

4

for, authority over, or responsibilities to third parties outside of EOP units, such as federal agencies and private entities." *Id.* at 2-3.  Thereafter, plaintiff propounded nine document requests to defendant, and OA produced over 1,300 pages of documents to plaintiff in just over one week.  After Mr. Swendiman's deposition on March 13, 2008, plaintiff propounded the four additional document requests at issue.

These latest four document requests directly raise topics that the Court rejected in its earlier rulings as outside the scope of the very limited permissible jurisdictional discovery.  *Compare* Pl's 3rd Set of Requests for Production, Request Nos. 10-13; Joint Discovery Plan at 5; Pl's 1st Set of Requests for Production, Nos. 3, 4, and 8 *and* Order of Feb. 22, 2008 at 2-3.  They relate to the date(s) when OA "stopped functioning as an agency" subject to the Freedom of Information Act, the Federal Records Act, and any other federal statute; and when it "started functioning as an entity subject to the Presidential Records Act."  Pl's 3rd Set of Requests for Production, Request Nos. 10-13.

For this reason alone, this Court should deny plaintiff's motion to compel.  When OA stopped functioning under FOIA is not probative of the question whether OA should have done so.  Similarly, whether OA is subject to the Federal Records Act or the Presidential Records Act is not probative of the jurisdictional issue on which discovery has been permitted.  In short, plaintiff's latest four document requests are not reasonably calculated to lead to "evidence regarding OA's authority over or responsibilities to any third parties, including federal agencies, or of any functions that OA in fact carries out beyond those specifically delineated in its charter documents."  Order of Feb. 11, 2008 at 5-6.

Likewise, the Court should reject plaintiff's alternative effort to expand discovery beyond

that repeatedly articulated by the Court. In support of its motion, plaintiff cites the Court's February 22, 2008 Order permitting plaintiff to conduct, "within the discovery deadline, any additional discovery that it believes is warranted based on Director Swendiman's deposition." Order of Feb. 22, 2008 at 4. OA has produced documents and provided Director Swendiman for deposition well within the time frame contemplated by the Court. Clearly, the Court's Order allowing follow-up discovery does not contemplate expanding the scope of discovery. At Mr. Swendiman's deposition, plaintiff's counsel claimed a need to question him as to the date when OA ceased functioning under FOIA. That defense counsel, while objecting, permitted discrete questioning in this area has no bearing on the appropriateness of the four document requests at issue.

In any event, the general timeline of OA's implementation of its non-FOIA status is not in dispute. Mr. Swendiman testified that OA did not consider itself an "agency" subject to FOIA even before he began his tenure at OA in November 2006. Transcript of Swendiman Deposition, March 13, 2008 ("Swendiman Tr.") (attached as Ex. 3 to Pl' Mot. to Compel) at 33, 41. Mr. Swendiman further testified that "a deliberative process" regarding that issue had begun "prior to [his] tenure as the Director of the Office of Administration, and that a conclusion or decision was reached that reaffirmed that OA was not an agency subject to FOIA." *Id.* at 42. Indeed, in a dispositive motion filed in this case on August 21, 2007, OA asserted for the first time in litigation that it is not subject to FOIA. Similarly, the general time frame of OA's move from operating under the Federal Records Act to operating under the Presidential Records Act is not in dispute. Mr. Swendiman testified that OA operated under the Federal Records Act until sometime in late August or early September of 2007. At that time, he advised his staff that OA

was subject to the Presidential Records Act, and they were instructed on compliance requirements under the Presidential Records Act. *Id.* at 50-53.

Plaintiff makes much of the fact that OA did not stop processing FOIA requests until sometime in 2007; that its transition from the Federal Records Act to the Presidential Records Act did not perfectly synchronize with OA's assessment that it was not subject to FOIA; and that despite its non-agency status under FOIA, OA continued to enter into memoranda of understanding with executive branch agencies for purposes of providing administrative support services to the EOP – something that plaintiff apparently believes is prohibited by the Economy Act, 5 U.S.C. § 1536. But these facts are not in dispute. The only dispute is their legal significance, which will be the subject of the upcoming, supplemental briefing. Additional factual development on the issue of timing is unwarranted, because, as noted above, OA's past practice under FOIA and the commencement of its operations under the Presidential Records Act are simply irrelevant to the jurisdictional question whether, as a matter of law, OA is an "agency" subject to FOIA. *Cf. Armstrong*, 90 F.3d at 566 ("That the [the National Security Council], in the interests of permitting public access to some NSC records and ensuring a smooth transition on national security matters, voluntarily subjected certain of its records to the FOIA and the [Federal Records Act] does not reflect any intention to concede, and should not be taken as a matter of law that the NSC is subject to those statutes."). Accordingly, this Court should not only deny plaintiff's latest discovery as outside the scope of what the Court has allowed, but also decline plaintiff's invitation to revisit the Court's prior orders and expand discovery into areas irrelevant to the present jurisdictional dispute.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel or its alternative motion to expand the scope of discovery should be denied.

Dated: March 25, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

    /s/ Jean Lin
JEAN LIN
Federal Programs Branch, Civil Division
United States Department of Justice
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel: (202) 514-3716
Fax: (202) 616-8407

Attorneys for Defendant