**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 07-0964 (CKK) |
| OFFICE OF ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION**
**TO PLAINTIFF'S MOTION TO COMPEL**

Plaintiff's third set of document requests seeks information relating to a narrow but highly relevant issue -- the point or points in time that OA purportedly ceased functioning as an agency subject to the FOIA. Defendant's opposition to this discovery rests on a fundamentally flawed assessment of its relevance and demonstrably false claims that certain facts are undisputed when they are, in fact, very much in dispute. At bottom defendant asks this Court to accept its say-so that it ceased functioning as an agency at some vague point in time, despite mounting evidence to the contrary.

The disputed discovery stems from the deposition testimony of OA Director Alan Swendiman who admitted that long after OA proclaimed internally that it was no longer an agency, it continued to comply with the Federal Records Act, a statute applying to federal agencies. See Plaintiff's Motion to Compel (P's M. to Compel") at 7. Similarly, OA waited months after agreeing to process CREW's FOIA request to declare for the first time in litigation -- in a motion filed in this case on August 21, 2007 -- that it was not subject to the FOIA. See Defendant's Opposition to Plaintiff's Motion to Compel ("D's Oppos."), p. 6.

Nevertheless, OA argues that "the general timeframe of OA's implementation of its non-FOIA status is not in dispute." Defendant's Opposition to Plaintiff's Motion to Compel (D's Oppos."), p. 6. Far from identifying an undisputed "general timeline," the evidence raises serious doubts about whether, even to this day, OA has ceased functioning as an agency. For example, documents produced to date and Mr. Swendiman's testimony raise leave unclear whether and to what extent OA is complying with either the Federal Records Act and/or the Presidential Records Act. At a minimum, the evidence demonstrates that OA did not cease complying with the FOIA and other record-keeping statutes on a fixed date. As a result plaintiff's latest document requests -- aimed at identifying the specific points in time when OA abandoned its responsibilities under those statutes -- are both relevant and necessary to resolve the issue of OA's status here under the FOIA.

Nor is this discovery inconsistent with this Court's discovery rulings. Although the Court ruled that defendant's "prior functioning under the FOIA, the Presidential Records Act, or the Federal Records Act," is not discoverable, see Order, Feb. 22, 2008, at 2, the parties do not agree, and the evidence does not indicate, exactly when that "prior functioning" stopped. It is toward determining this date that plaintiff's narrow discovery is aimed. To allow OA to select at will the date on which it no longer considered itself to be an agency also allows OA to craft its narrative of the underlying facts to support its self-proclaimed status as a non-agency. It is patently unfair to require plaintiff to accept -- without evidence -- OA's say-so on a fundamental and disputed issue of fact. Curing this informational imbalance is critical to restore parity to the parties and to resolve the threshold question of OA's status as an agency.

In sum, this is not simply a case where the facts do not "perfectly synchronize with OA's

assessment that it was not subject to FOIA," D's Oppos. at 7. Rather this case presents still undetermined facts leaving the Court unable to ascertain their legal significance. Plaintiff's narrowly focused discovery requests seek to fill in the many factual gaps and help resolve the many inconsistencies in OA's functioning and the question of on which side of the agency divide OA falls.

## CONCLUSION

Accordingly, for the foregoing reasons and those set forth in plaintiff's opening brief, this Court should grant plaintiff's motion to compel.

Respectfully submitted,

_____/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
William C. Holmes
(D.C. Bar No. 495186)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Fax: (202) 588-5020
Attorneys for Plaintiff

Dated: March 26, 2008