IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF ADMINISTRATION,<br><br>Defendant. | Civil Action No: 1:07-CV-00964 (CKK)<br><br>DECLARATION OF<br>M. ELIZABETH MEDAGLIA<br>IN RESPONSE TO THE COURT'S<br>ORDER OF MARCH 30, 2008 |

Pursuant to 28 U.S.C. § 1746, I, M. Elizabeth Medaglia, hereby declare as follows:

1. I am the General Counsel of the Office of Administrative ("OA"), Executive Office of the President. I have held this position since May 14, 2007. Prior to that time, I was in the private practice of law. In my capacity as OA's General Counsel, I am responsible for legal advice and support to the Office of Administration.

2. I submit this declaration pursuant to the Court's Order of March 30, 2008, which requires OA to file an affidavit setting forth answers to the questions posed by the Court during a March 28, 2008 telephone conference between the Court and the parties' counsel.

3. Based on my review of the transcript of the March 28, 2008 telephone conference, as well as the Court's Order of March 30, 2008, it is my understanding that the Court posed the following questions to counsel: (1) when was the "final agency decision" made that OA was not subject to FOIA, and is that decision in writing (*see* March 28, 2008 Conference Transcript [hereinafter Conf. Tr.] at 6-8, 10-11); (2) when did OA decide that it was processing FOIA requests as a matter of administrative discretion and not because

it was compelled to do so (*see* Conf. Tr. at 16-17); (3) did OA assert in writing that it was processing FOIA requests as a matter of administrative discretion prior to doing so in connection with its June 2007 production of documents in response to CREW's FOIA request (*see* Order of March 30, 2008 at 2; Conf. Tr. at 16-17); (4) when did OA cease accepting FOIA requests for processing (*see* Order of March 30, 2008 at 2; Conf. Tr. at 12-13), and did OA continue to process FOIA requests until that time because the end of the deliberative process had not been reached and a final decision had not been made regarding OA's status under FOIA (Confr. Tr. at 13-15); (5) has OA functioned in a manner consistent with the Presidential Records Act ("PRA") since determining that it was subject to that statute rather than the Federal Records Act ("FRA") (*see* Order of March 30, 2008; Conf. Tr. at 21); (6) when was the determination that OA was covered by the PRA as opposed to the FRA made, and was that determination made in writing and at the same time that OA reached the end of its deliberative process regarding the FOIA issue (*see* Conf. Tr. at 18-19); and (7) have OA's actual operations changed since it determined that it is a PRA entity rather than an FRA entity (*see* Conf. Tr. at 20)?

4. I provide the following statements in response to the Court's questions. The statements are based upon my personal knowledge, upon my review of OA's files, and upon information provided to me in the performance of my official duties.

5. Although it was well before my tenure at OA began, the issue of whether OA meets the FOIA definition of "agency" first surfaced soon after the district court's decision in *Armstrong v. EOP*, 877 F. Supp. 690 (D.D.C. 1995). Since that time, whether OA met the FOIA definition of an agency was from time to time a subject of discussion between

and among the Department of Justice, OA, and the White House Counsel's Office.

6. In April 2006, the White House Counsel's Office requested the legal advice of the Office of Legal Counsel ("OLC") of the Department of Justice regarding OA's status under FOIA. The deliberative process regarding that question, which took place from April 2006 through August 2007, involved written and oral communications between and among the Department of Justice, OA, and the White House Counsel's Office, including preliminary legal advice from OLC on the issue of OA's status under FOIA.

7. On several occasions during this deliberative process, although not consistently, OA included language in its FOIA responses advising the requesters that OA was processing their requests as a matter of administrative discretion. Some of these written responses were sent prior to OA's receipt of CREW's FOIA requests in April 2007.

8. The final decision that OA is not subject to FOIA was made on August 21, 2007, after OA and the White House Counsel's Office received OLC's memorandum formally memorializing its legal advice. Although the decisionmaking was informed by OLC's legal advice, the OLC memorandum, also dated August 21, 2007, is not the "final agency decision." The Executive Branch has not expressly adopted the OLC memorandum or incorporated it by reference. The substance of the OLC memorandum has remained confidential and has not been shared beyond the interested parties within the Executive Branch. No one in the Executive Branch has publicly cited the OLC memorandum as the legal justification for OA's decision to no longer comply with FOIA.

9. The Executive Branch has no document that represents the final decision made on August 21, 2007. But that final decision – which was the result of a collaborative effort – is

reflected in OA's motion for judgment on the pleadings, which was filed in this case that same day.

10. OA ceased processing FOIA requests on approximately July 27, 2007. Between that date and September 12, 2007, OA retained pending FOIA requests due to the status of the deliberative process. On September 12, 2007, OA began responding to requesters by advising them that OA is not subject to FOIA and returning their requests. Since September 12, 2007, OA has consistently responded to requests in this way.

11. As OA informed the Court on April 7, 2008, the determination that OA is subject to the PRA and not to the FRA was not reached separately or independently from the decision that OA is not subject to FOIA. OA's Office of General Counsel was aware that "coverage of the FRA is coextensive with the definition of 'agency' in the FOIA," *Armstrong v. EOP*, 90 F.3d 553, 556 (D.C. Cir. 1996); and that presidential records under the PRA do not include "official records of an agency," as the term "agency" is defined under FOIA, 5 U.S.C. § 552(f). 44 U.S.C. § 2201(2)(B)(I). Thus, the decision that OA is not subject to FOIA is also a decision that OA is subject to the PRA and not the FRA.

12. Once the final decision was reached that OA is not subject to, and will no longer comply with, FOIA, OA began implementation of its PRA status.

13. On August 31, 2007, OA distributed a memorandum to its personnel regarding their recordkeeping obligations. The memorandum stated in part that "under applicable case law, the Office of Administration does not fall within the definition of agency set forth in the Freedom of Information Act (FOIA), 5 U.S.C. § 552," and that "[c]onsequently, the applicable records management statute for OA is the Presidential Records Act rather than

the Federal Records Act." The memorandum advised that "[u]nless and until otherwise instructed, you must preserve and maintain all documents, emails, and other materials created or received by you in the course of your official duties." OA provided a copy of the memorandum to the Court on April 7, 2008.

14. Since August 31, 2007, I and others within the OA Office of General Counsel have had numerous oral communications with OA personnel about their obligations under the PRA. It is my understanding that OA personnel have followed the directions of the August 31, 2007, memorandum and the subsequent mandatory PRA training, and have maintained their records in a manner consistent with the PRA.

15. Since the August 21, 2007 determination that OA is subject to the PRA and not the FRA, except for the shift from the FRA recordkeeping regime to the PRA recordkeeping regime, OA has not changed its actual operations and functions, which are to provide common administrative support and services to the Executive Office of the President.

I declare under penalty of perjury that the foregoing is true and correct.

Dated April 18, 2008

M. Elizabeth Medaglia
General Counsel
Office of Administration
Executive Office of the President