UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No: 1:07-CV-00964 (CKK) ) |
| OFFICE OF ADMINISTRATION, | ) ) |
| Defendant. | ) ) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

In response to plaintiff's motion to compel the production of an Office of Legal Counsel ("OLC") opinion concerning OA's agency status under the Freedom of Information Act ("FOIA"), OA argues that the memorandum is protected from compelled disclosure as both deliberative and within the scope of the attorney-client privilege. According to OA, because it has never publicly and expressly adopted or incorporated the OLC opinion it continues to be deliberative. Apparently it is mere "coincidence" that OA announced its position that OA is snot an agency under the FOIA on the very same day the OLC issued its opinion.

These arguments ignore the role OLC plays generally within the executive branch and the definitive authority it exercises. Moreover, accepting the government's arguments will result in the development of a body of "secret law," and allow OA to hide "behind a veil of privilege" because the government has chosen not to expressly designate the OLC opinion as "'formal,' 'binding,' or 'final,'" a result the D.C. Circuit has found to be unacceptable. Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 867 (D.C. Cir. 1980).

**1. The OLC Opinion Is A Final Non-deliberative Document.**

OA's characterization of the OLC opinion as a non-final deliberative document cannot be reconciled with the nature of the opinion, the authority OLC was exercising when it issued the opinion and the role OLC served in the executive branch in reaching a conclusion that OA is not an agency subject to the FOIA.[1]  As the Supreme Court explained in Nat'l Labor Rel. Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 138 (1975), "[c]rucial" to determining whether [a] document is non-final and deliberative "is an understanding of the function of the document[] in issue in the context of the administrative process which generated [it]."

CREW explained in its opening brief that when the OLC issues these opinions it is exercising the authority of the attorney general to decide questions of law and prepare formal opinions that are binding on the executive branch.  See 5 U.S.C. § 512, 28 C.F.R. § 0.25(a); Public Citizen v. Burke, 655 F.Supp. 318, 321-22 and n.5 (D.D.C. 1987) (citations omitted).  The written legal opinion at issue here -- which by defendant's own description was the culmination of 16 months of deliberation[2] -- has all the earmarks of just such a formal opinion.  It is a written legal opinion submitted by the entity within the Department of Justice, the OLC, that is charged with issuing such opinions on behalf of the attorney general, in response to a request from the White House.  As OA's declarant M. Elizabeth Medaglia confirms, "OlC's memorandum formally memorializ[es] its legal advice."  Declaration of M. Elizabeth Medaglia ("Medaglia

---

[1] Nothing in this argument or the manner in which plaintiff describes OA's position should be construed as a concession by CREW that OA is not an agency -- something that CREW very much disputes.

[2] Defendant's Opposition to Plaintiff's Motion to Compel ("D's Oppos.") at p. 4.

Decl."), ¶ 8.

That the opinion was prepared "in OLC's advisory role as legal counsel to the White House," (D's Oppos. at 4) does not alter this conclusion. In Sears, Roebuck & Co. the Supreme Court examined similar documents and concluded that advice memoranda prepared by a general counsel to explain his decisions not to file unfair labor practice complaints were final, non-exempt opinions, notwithstanding the legal advisory role that the general counsel was exercising in preparing the opinions. The Court, in concluding that the documents were not protected by privilege, explained that their disclosure "would not intrude on predecisional processes, and protecting them would not improve the quality of agency decisions." 421 U.S. at 155. Also of significance to the Court was the public's "vital concern[] with the reasons which did supply the basis for an agency policy actually adopted. These reasons, if expressed within the agency, constitute the 'working law' of the agency and have been held by the lower courts to be outside the protection of Exemption 5 [of the FOIA]." Id. at 152-53.[3]

That same rationale applies here to compel the conclusion that the OLC opinion must be produced. Disclosure of this opinion will not intrude on any predecisional processes, as the document represents the final decision of the executive branch entity charged with issuing final and binding legal advice. Moreover, the OLC opinion unquestionably is part of the "working law" of the OA and, as such, is not protected by privilege.

OA has offered nothing to counter this conclusion beyond labeling the OLC opinion "pre-decisional" and "deliberative." D's Oppos. at 4. These labels, however, do not match up

---

[3] Although the issue before the Supreme Court was whether the documents were protected by Exemption 5 of the FOIA, the Court's reasoning is equally applicable here as Exemption 5 incorporates all the common law privileges recognized in litigation.

with the actual role the OLC played in formulating an executive branch decision on the question of OA's agency status and the authority it was exercising in that role.  This Circuit has made clear that to prevent the development of "a body of 'secret law,' used by [an agency] in the discharge of its regulatory duties and in its dealings with the public" the court will not permit the agency to hide "behind a veil of privilege" based on its failure to designate a document as "'formal,' 'binding,' or 'final.'"  Coastal States Gas Corp, 617 F.2d  at 867.

In Coastal States, the D.C. Circuit concluded that memoranda prepared by the agency's regional counsel in response to requests for interpretations of regulations were non-deliberative final documents not subject to privilege.  The Court explained that the memoranda bore "little resemblance to the types of documents intended to be protected under the deliberative process privilege," in that they were "not advice to a superior," were not "suggested dispositions of a case," were not "one step of an established adjudicatory process, which would result in a formal opinion" and were not "subjective or personal . . ."  617 F.2d at 868.  Similarly, the OLC opinion is not advice to a superior, a suggested disposition of a case, or a step in an adjudicatory process that will result in a formal opinion.  To the contrary, the OLC opinion is itself a formal and final opinion.  Moreover, there is no possibility that the author of the OLC opinion "would be less 'frank' or 'honest' if he or she knew that the document might be made known to the public . . ." Id. at 869.[4]  It necessarily follows that here, as in Coastal States, OA should not be permitted to

---

[4] OA claims, without support, that "attorneys within the OLC very likely would be discouraged from offering candid legal advice or even controversial legal arguments and theories" if documents such as the OLC opinion at issue here were made public. D's Oppos. at 5.  The OLC opinion, however, represents the opinion of the attorney general through the Department of Justice's Office of Legal Counsel, not the opinion of a single attorney.  Moreover, the mere fact that the government's position on an issue may prove to be "controversial" is no justification for keeping that position secret, particularly where it forms the basis or justification

protect the OLC opinion by labeling it non-final and deliberative where to do so will result in the creation of a body of "secret law."

### 2. The OLC Opinion Is Not Protected By The Attorney-Client Privilege.

OA also relies on the attorney-client privilege as grounds for protecting the OLC opinion from compelled disclosure. D's Oppos. at 5. According to OA this protection is justified because the opinion "contains confidential legal advice provided by OLC to the White House Counsel's Office." D's Oppos. at 5. The attorney-client privilege, however, does not sweep this broadly.

To the contrary, in the government context the attorney-client privilege does not throw a blanket of secrecy over any and all communications between the agency and its lawyers, but instead protects only "confidential information *concerning the Agency* . . ." Tax Analysts v. IRS, 117 F.3d 607, 619 (D.C. Cir. 1997) (emphasis in original). Nor does the privilege protect "written responses containing 'neutral, objective analyses.'" Id., *quoting* Coastal States, 617 F.2d at 863. Policy reasons also dictate this conclusion given that government lawyers, unlike their private counterparts, "have the power to formulate the law to be applied to others" and are, in effect, "making law." Tax Analysts, 117 F.3d at 619. Under this authority the OLC opinion is not protected by the attorney-client privilege.

### 3. That OA Has Elected Not To Publicly Disclose The OLC Opinion Does Not Establish That It Has Not Been Adopted By OA.

The protection of the deliberative process privilege is lost when an agency adopts the reasoning expressed in the withheld document. Sears, Roebuck & Co., 421 U.S. at 161. More

---

for a governmental action.

specifically, "'opinions and interpretations' which embody the agency's effective law and policy" must be disclosed. Id. at 153. This outcome is compelled by the fact that once adopted, the reasons for the privilege disappear. At that point it is up to the agency to defend the decision. Moreover "agency employees will generally be encouraged rather than discouraged by public knowledge that their policy suggestions have been adopted by the agency." In addition, the public has an interest "in knowing the reasons for a policy actually adopted by an agency . . ." Id.

OA argues that no such adoption has occurred here citing solely the declaration of OA's general counsel. D's Oppos. at 6. But all that Ms. Medaglia attests is that "[t]he Executive Branch has not expressly adopted the OLC memorandum or incorporated it by reference," and further that the substance of the OLC memorandum "has remained confidential. Medaglia Decl. at ¶ 8. This showing is insufficient to prove that OA has not adopted the OLC opinion.

First, the fact that the executive branch has chosen to keep the OLC opinion confidential does not establish that OA has not adopted that opinion. This Circuit has explained that even a predecisional document "lose[s] that status *if it is adopted, formally or informally, as the agency's position on the issue* or is used by the agency in its dealings with the public." Coastal States, 617 F.2d at 866 (emphasis added). In other words, contrary to OA's argument, formal adoption is not required.

Here, as we have shown the OLC opinion is not predecisional and, in any event, OA has not met its burden of establishing that it did not adopt -- formally or informally -- the OLC opinion as its position on the issue of its agency status under the FOIA. Instead, the clear and logical inference is that OA did rely on the OLC opinion given that it was issued on the very

6

same day OA articulated publicly that it is not an agency subject to the FOIA.  See Am. Soc'y of Pension Actuaries v. IRS, 746 F.Supp. 188, 192 (D.D.C. 1990) (based on in camera inspection of documents claimed to be deliberative court ordered them disclosed because agency had relied on them to reach agency's budget estimates).  More fundamentally, the OLC opinion represents "a clear statement of [OLC's] legal position on a policy" and should therefore be treated as "a considered and conclusive declaration of the agency's legal position."  Evans. v. U.S. Office of Personnel Mgmt., 276 F.Supp.2d 34, 40 (D.D.C. 2003).

### 4.  Alternatively, The Court Should Review The OLC Opinion *In Camera*.

OA has not met its burden of proving that the OLC opinion is a deliberative non-final and privileged document; the limited evidence of record points to the opposite conclusion.  Should there be any doubt, however, and particularly given the timing of the OLC opinion's issuance -- the identical date as OA's final decision on its agency status -- the Court should review the document *in camera*.  Such *in camera* review, employed in Am. Soc'y of Pension Actuaries and more recently in Evans, has proven highly beneficial in ascertaining whether or not withheld documents are protected as predecisional.  For example, in Am. Soc'y of Pension Actuaries, only after an *in camera* review was it "clear to [the] Court" that, contrary to the agency's representations, the documents were not predecisional because the agency had relied on them in making its final decision.  746 F.Supp. at 192.  Likewise in Evans, it became clear to the court after an *in camera* review that, contrary to the government's arguments, the documents were not deliberative and predecisional.  276 F.Supp.2d at 36.

Given the paucity of information OA has provided concerning its deliberative process and the actual role the OLC opinion played in that process, an *in camera* review here may be

7

particularly revealing. Now that OA has affirmed that its legal brief in this case represents OA's final decision on its agency status, a comparison of that brief and the OLC opinion can confirm -- one way or another -- the degree to which OA's proclaimed final decision mirrors the OLC opinion. Accordingly, to erase any doubt the Court should conduct an *in camera* review of the OLC opinion.

## CONCLUSION

For the foregoing reasons and those set forth in CREW's opening brief, OA should be compelled to produce the OLC opinion.

Respectfully submitted,

\_\_\_\_/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
  in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20530
Telephone: 202-408-5565
Fax: 202-508-506

Attorneys for plaintiff

Dated: April 23, 2008